HART v. VIDAL.

In an action to recover the value of services as attorney in a certain suit, it is incompetent to prove the value of plaintiff's services in another action.
A witness, who is not an attorney, is incompetent to prove the value of an attorney's services.

APPEAL from the Superior Court of the City of San Francisco.

This was an action to recover the value of plaintiff's services as attorney in the case of Brown v. Vidal, as laid in the complaint.   On the trial, the plaintiff was allowed to prove his services in protecting the defendant's interest in the same property, in a subsequent suit, between Newland, the receiver appointed in the first suit, and one Keane, who has since purchased the property, and now intervenes in this action to protect the property from an attachment levied herein before his purchase.   Vidal, the defendant, makes no defence, and the action is defended by the intervenor, who objected to the introduction of the above testimony, and excepted to the order overruling his objection. Newland, who testified that he was not an attorney at law, but had acted as attorney for several parties during the period. 1849–50, when the plaintiff's services were rendered, and was conversant with attorneys' fees at that time, was allowed to prove the value of plaintiff's services, along with other witnesses who were attorneys ; his estimate being the highest of all.   The intervenor objected to the witness as incompetent ; but the objection was overruled, and his evidence admitted under intervenor's exception.   Judgment was rendered for plaintiff.   Intervenor moved for a new trial, which was overruled, and intervenor appealed.

*Haights & Gary* for Appellant.

*J. B. Hart* for Respondent.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT.   Mr. Chief Justice MURRAY concurred.

, The count is for services rendered as attorney at law in the case of Brown v. Vidal.   Upon the trial, evidence was admitted against the objection of defendant to prove the value of services in the case of Newland v. Keane.

The proofs in every case must correspond with the allegations.   A

recovery in this case would be no bar to another action for the services rendered in the case of Newland *v.* Keane. The evidence should therefore have been excluded.

Newland was an incompetent witness to prove the value of Hart's legal services. He was not a lawyer, and therefore not such an expert as the rules of evidence admit.

For these errors the judgment is reversed, and the cause remanded.