\*LORENZO ALLIS

*vs.*

FRANKLIN O. DAY, Surviving Partner, &c.

1. Objections that a cause is not properly upon the calendar, and that a continuance has been improperly refused, are waived by subsequent consent to a reference.

2. Opinions of practicing lawyers are receivable as evidence of the value of services rendered by an attorney and counselor at law in conducting litigation.

3. The fact, that a plaintiff, suing to recover for services rendered, has before suit presented to defendant a bill for such services, which bill was less in amount than the sum claimed in the action, is not conclusive as to the real value of the services, or the amount recoverable, if the bill has not been paid nor agreed upon as correct.

The plaintiff brought suit in the district court for Ramsey county to recover for professional services as attorney and disbursements, alleging in his complaint that the value of such services and such disbursements amounted to the sum of $725.42. The defendant answered admitting the performance of the services, but alleging that the value of the same, and the amount of the disbursements did not exceed $500. The attorneys stipulated to put the cause on the calendar for the November term 1867, without the usual notice, &c. When the cause was reached on the calendar, the defendant moved to strike it from the calendar, on the ground that it was not placed there pursuant to the stipulation, which motion was denied and defendant excepted.

* Mr. Ch. J. Gilfillan being of counsel took no part in the determination of this case.

The defendant then made a motion for a continuance which was also denied, and defendant excepted. The case was then referred by consent of counsel. On the trial before the referee, after the plaintiff had introduced his testimony and rested, the defendant moved for a continuance, which was denied and he excepted to the ruling. The referee found that the plaintiff was entitled to the sum of $717.39, and directed judgment for that amount. Exceptions were taken to the ruling of the referee in regard to the reception of evidence, which appear in the opinion of the court. A motion was made by the defendant to set aside the report of the referee and for a new trial, which was denied. He appeals from the order denying the same to this court.

E. C. Palmer for Appellant.

Allis & Williams for Respondent.

*By the Court*—Berry, J.—It appears that by *consent of parties* this cause was referred to Stanford Newel, Esq., to hear and determine the issues and report a judgment. Whatever there might be in the objections taken before the reference was ordered, on the ground that the case was not properly upon the calendar, or because a continuance was refused by the court, was in our opinion waived by the *consent* to the reference. The application made to the *referee* for a continuance, was made after the plaintiff had closed the testimony and rested the case on his part, and was addressed to the referee's discretion. We discover nothing which would justify us in determining that the referee erred in the exercise of his discretion, or that the continuance was under all the circumstances improperly refused.

This action was brought to recover compensation for ser-

vices performed by the plaintiff as an attorney and counselor at law, and for moneys by him expended in and about the performance of the same.

The complaint contains no specific description of these services, and the value of the same, and the amount of moneys expended are alleged in one gross sum, but the defects of the complaint in these respects should have been taken advantage of upon motion to make it more definite, and not as was attempted to be done in this instance, upon objection to the introduction of evidence tending to show the nature and value of the services rendered.

As to the testimony introduced for the purpose of showing the value of the plaintiff's services, we think it was competent, though some of it would appear to possess little weight. Both Gilman and Brisbin, as members of the bar in active and extensive practice, were qualified to testify to the value of professional services of the general nature of those rendered by the plaintiff. There are many exceptions to the general rule, that the opinions of witnesses are not evidence. Such an exception must be admitted where services which have no established or (so to speak) market price have been performed, and proof is required as to their value. The question is one upon which from the nature of the case it is not practicable to furnish more definite evidence than the opinions of witnesses who show themselves qualified to form well grounded estimates of such value by their familiarity with the department of business in which such services have been rendered. Services performed by members of the legal profession in conducting litigation fall, we think, within this principle. There is no fixed standard by which their value can be determined; their value and reasonable price vary with the magnitude and importance of the particular case, the degree of responsibility attaching to

its management, the difficulty of the questions involved, the ability and reputation of counsel engaged, the labor bestowed, and other matters which will readily occur to the profession. The experience and knowledge of ordinary jurymen do not qualify them to form an opinion as to the value of services of this kind; the case is not one where the opinions of witnesses should be excluded, because they are no better than the opinions of the jurymen themselves. On the other hand, practicing lawyers occupy the position of experts as to questions of this nature; from the character of their business, they are not only in the habit of estimating the value of professional services, but they enjoy peculiar advantages for so doing; their opinions of such value should therefore be received, not only because they are qualified to form them, but because it appears to be impracticable to furnish any more satisfactory evidence. For these reasons we think that the testimony of Gilman and Brisbin was properly received. Though the testimony of both (especially of the former) was somewhat vague and general, we think it was of some value in enabling the referee to place a price upon the plaintiff's services, and perhaps in corroborating the opinion of the plaintiff himself upon the same matter.

It appeared from the cross-examination of the plaintiff, who took the stand for himself, that he had prior to the commencement of this suit presented to the defendant a bill for the services for which he now seeks to recover, and that this bill was some $300 less than the amount claimed in the present action. As the bill presented was not paid, or agreed upon as correct, we do not think it was conclusive as to the price of the services.

The presenting of the bill was a proposition to receive the amount of it in discharge of the debt, and furnished some

evidence of the value placed by the plaintiff upon his services, but the proposition not having been accepted by the payment of the bill, or by any agreement of the parties, this state of facts does not prevent the plaintiff from showing, or the referee from finding, that the services were of a value greater than the amount of the bill, nor estop the plaintiff from recovering what he may establish to be the full and real value of his services. See *Miller vs Beal*, 26 *Ind.*, 235. These are all the points presented by the appellant of which we deem it necessary to speak.

Order affirmed.