HALASKA vs. COTZHAUSEN and others.

*May 16 — September 27, 1881.*

REVERSAL OF JUDGMENT: *On conflicting expert evidence as to value of professional services.*

The question being as to the value of defendants' professional services in certain causes, the referee for trial herein, upon the very conflicting evidence of a large number of experts, attorneys of the court below and of this court, found such services worth $480; and the court below modified the report by adjudging them worth $530 (the amount charged by defendants). In view of the conflict of evidence, and of the fact that the causes in which such services were rendered were tried before the same judge who determined the present action, this court affirms the judgment.

APPEAL from the Circuit Court for *Ozaukee* County.

The city of Milwaukee instituted proceedings to condemn to the public use two lots, one owned by the plaintiff, and the other by his daughter. The owners of the lots retained the defendants, who are attorneys-at-law and partners, to represent them and defend their interests in such proceedings. The

proper city authorities appraised the plaintiff's damages at $310, and the daughter's damages at $320. The defendants thereupon took appeals for their clients from such appraisals, to the circuit court. The place of trial of both appeals was changed to the circuit court for Ozaukee county. Trials in that court resulted in increasing the damages so appraised to $925 and $850, or, in the aggregate, from $630 to $1,775.

The defendants paid out during the proceedings, for necessary disbursements therein, about $66 more than they received from their clients. The amount so received by them was $55. The plaintiff's daughter assigned her judgment against the city to the plaintiff. The city being about to pay the judgments, the defendants gave notice of a lien thereon for professional services. The city thereupon paid into court $630, which defendants drew out under an order of the court, and retained for their services. The balance of the judgments, amounting to $1,378.69, which includes taxable costs and interest, was paid to the plaintiff.

This action was brought by the plaintiff to recover $530 of the sum so received by the defendants. It was tried by a referee, who found and reported that the defendants were overpaid $93.35, and that the plaintiff was entitled to judgment for that sum and costs. The plaintiff moved the court to confirm the report of the referee, and for judgment; and the defendants moved to set aside such report, and for judgment in their favor. The motions were heard together, and resulted in an order modifying the report to the effect that the services of the defendants were worth the amount charged therefor, and that they were not indebted to the plaintiff. Judgment was thereupon ordered and entered, dismissing the complaint with costs; from which the plaintiff appealed.

The cause was submitted for the appellant on briefs of *Eugene S. Turner.*

For the respondent there was a brief by *Cotzhausen, Sylvester & Scheiber,* and oral argument by *Mr. Scheiber.*

The following opinion was filed June 4, 1881:

LYON, J.   The referee found that the defendants' professional services in each of the condemnation proceedings were reasonably worth $240, and his report of the amount due the plaintiff is based upon that finding.   The court found that their services were worth the amount charged therefor, which was more than the balance found over and above the $480, and modified the report accordingly.   The result of such modification was the dismissal of the complaint.   The only question to be determined on this appeal is, whether such modification is justified by the evidence.

Two of the defendants having testified to the details of the services rendered, several gentlemen of the bar were called by the respective parties, and testified as to the value of such services.   No attempt will be made to give the particulars of their testimony.   It is sufficient to say that they differed widely in their estimates.   Some of them placed the value of such services at sums which would absorb all that the defendants have received on account thereof; and more of them estimated such value at sums less than the defendants have so received.   The value found by the referee is probably a fair medium between the two extremes; and had his report been confirmed by the court and judgment rendered accordingly, it is not probable that the judgment would have been disturbed on appeal.   All of the witnesses who testified to the value of the defendants' services are gentlemen of high character and large experience in the profession, and each of them is abundantly qualified to estimate such value.   The fact that their estimates are so widely different only shows how difficult it is to fix any rate of general application by which the value of such services can be accurately determined.   The learning and ability of the counsel, the means of the client, the magnitude of the interests involved, the hazards of the litigation, and the final result, whether successful or otherwise, as well as the actual

time and labor expended for the client, all are or may be elements to be considered in determining what is reasonable compensation in a given case. More or less prominence may be given to these and other elements entering into the question of value, by different witnesses. Hence it is that witnesses, equally honest and equally competent to testify as experts in that behalf, differ so widely from each other in their estimates.

The witnesses are all attorneys of this court, as well as of the circuit court, and practice largely in both courts. The referee had no advantage over the circuit court or this court in passing upon the weight of their testimony, merely because they testified orally before him. Either court can judge as well of that from their testimony preserved in the bill of exceptions, as the referee could after hearing them testify. But a fact appears in the case, the existence of which enabled the circuit court to pass upon the conflicting expert testimony more intelligently than could either the referee or this court. The appeals in the condemnation proceedings were tried before the learned judge who modified the report of the referee and ordered the judgment from which this appeal was taken. Whatever of skill and ability the defendants brought to their work, whatever success resulted from their efforts, the judge saw and knew. He knew, also, better than any witness (except the city attorney), how vigorously the causes were litigated by the city in his court. All this does not make the judge a witness in the cause, but it peculiarly qualified him to pass upon the weight of the conflicting testimony in respect to the value of the defendants' services. See *Wisconsin Central Railroad Co. v. Cornell University*, 49 Wis., 162. He has found that they have not been overpaid for their services, and there is testimony to support the finding. For the reasons above stated, we cannot disturb such finding, although we might, but for those reasons, be inclined to think that the testimony preponderated against it.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 27, 1881.