## BACHMAN V. O'REILLY.

1. ACTION BY AN ATTORNEY FOR COMPENSATION FOR LEGAL SERVICES — PLEADINGS AND EVIDENCE.— In an action by an attorney for his fee, where no issue is raised by the pleadings on the point of plaintiff's right to practice law, evidence that he was not licensed to practice in the state at the time the services were rendered is inadmissible.

2. HOW THE VALUE OF AN ATTORNEY'S SERVICES MAY BE PROVEN.— Evidence by attorneys in good standing and in active practice is admissible to prove the value of the services.

*Appeal from District Court of Arapahoe County.*

Messrs. P. L. PALMER, J. W. MILLS and GEORGE SIMMONDS, for appellant.

Mr. H. B. O'REILLY, in *pro per.*

MR. JUSTICE HAYT delivered the opinion of the court.

At the March, 1884, term of the district court of Elbert county, appellant, Frederick Bachman, was convicted of the crime of grand larceny, and sentenced to confinement in the state penitentiary. Bachman thereupon sued out a writ of error for the purpose of having the proceedings of the trial court reviewed by this court. To prosecute said writ of error appellant employed appellee in his professional capacity as an attorney. Appellee, in pursuance of such employment, prepared and filed in this court a motion supported by affidavits, and procured the advancement of the case upon the docket here. Thereafter he prosecuted the case to final determination. As a result of the proceeding, the judgment of the court below was reversed by this court. See *Bachman v. People,* 8 Colo. 472.

The present action grew out of a disagreement between appellant and appellee in reference to the latter's compensation for services rendered in prosecuting said writ of error; the claim of appellee being that, when he was first

retained in said cause, it was distinctly understood and agreed by and between appellee and appellant that for the former's professional services in said cause he was to receive and be paid a retainer of $250, which was to be in full compensation, unless successful in this court, in which event he was to receive such other and further compensation as his services should be reasonably worth, and that the services were reasonably worth the sum of $5,000.

Appellant claims, on the contrary, that it was distinctly understood and agreed between the parties that the said sum of $250 was to be in full for all services in the cause, including a retrial of the case in the district court, should such retrial become necessary, in the event of a reversal of the judgment of conviction by the appellate court.

It is conceded that $250 was in fact paid by appellant to appellee about the time the latter was employed in the case; and it is further conceded that, in addition to this payment, appellee had at different times, between the date of his employment and the bringing of the present suit, received divers sums of money from appellant, amounting in the aggregate to something over $200. Appellant claims that this money was loaned appellee, and asks for judgment against him for the same, while appellee claims that a part was advanced for the necessary expenses incurred in prosecuting the writ of error; the balance to be applied in payment *pro tanto* for his services.

The trial resulted in a verdict for appellee in the sum of $2,000. A motion for a new trial having been filed and overruled, the court rendered judgment upon the verdict. Appellant, having duly reserved his exceptions at the trial, brings the case here for review.

Upon the trial the court refused to permit appellant to introduce evidence tending to show that appellee had not been regularly licensed to practice law in this state until after a part of the services for which appellant sought

compensation had been rendered, and the action of the court in rejecting such evidence is made the basis of the first assignment of error to which our attention is called by counsel. Under our statute, an unlicensed person is prohibited from practicing law in the courts of record of this state in any case in which he is not concerned as a party, and if such an unauthorized person renders service to another, in violation of the statute, he will not be permitted to recover any compensation therefor. *Hittson v. Browne*, 3 Colo. 304. This being the law, the testimony offered should have been admitted, unless appellant was precluded by the pleadings from raising the issue thus sought to be raised. Turning to the pleadings, we find it alleged in the complaint "that on or about October 1, 1884, plaintiff was retained by defendant as his attorney and counselor at law, in his behalf to prosecute," etc. The defendant in his answer "admits * * * that about October 1, 1884, in a certain case before the supreme court of Colorado, on a writ of error to the district court of Elbert county, * * * he employed plaintiff as his attorney at law in said case." Again he avers that "at Denver, on or about October 1, 1884, he employed the plaintiff as his attorney at law to prosecute," etc.; and also alleges "that thereupon said plaintiff entered upon said services, acting as such attorney at law as aforesaid."

No issue upon the legal qualifications of the plaintiff to act as an attorney and counselor at law having been raised by the pleadings, the trial court properly excluded the evidence. When the objection to the admission of this evidence was first made in the court below, defendant, upon a proper showing, might have been allowed to amend his answer, so as to permit the introduction of the testimony; but, no application to amend having been made, he is not now in a position to complain of the ruling excluding the evidence. Weeks, Attys. 562; Pom. Rem. § 708.

Upon the trial the witnesses Yonley, Markham, Harman, Bentley and Felker were each permitted to testify, against objection, concerning the value of the services rendered by plaintiff, and this is assigned for error. The objection made to the introduction of the testimony in each instance was based upon the claim that the competency of the witnesses to form an opinion as to the value of the services was not shown. Counsel in argument say: "No gentlemen of the Denver bar are better known as able attorneys than these; but, from a perusal of the evidence of each of them, it will be discovered that none of them had had any experience in criminal practice in this state." An examination of the record shows that the latter statement of counsel is not sustained by the evidence; on the contrary, it discloses that nearly all of said attorneys had more or less experience in the criminal practice in this state, while at least one of them (Judge Markham) had, as district attorney for a number of years in the most populous judicial district in the state, an experience in the criminal practice that falls to the lot of but few attorneys. It was not necessary, however, to render the opinion of the witnesses competent to show that they had had any particular experience in the criminal practice; the fact that the witnesses were attorneys in good standing, and engaged in the active practice of their profession, was sufficient to entitle their opinions to be given in evidence. The weight to be given to such opinions was for the jury to determine, and, as an aid to such determination, it was proper for them to be informed as to the experience or lack of experience in the criminal practice of those giving such opinions, but the admissibility of the evidence was in no manner dependent upon such matters. Lawson, Exp. Ev. 12, 61; *Allis v. Day*, 14 Minn. 516 (Gil. 388); *University v. Parkinson*, 14 Kan. 160; *Halaska v. Cotzhausen*, 52 Wis. 624; *Harnett v. Garvey*, 66 N. Y. 641.

What we have already said in support of the ruling re-

jecting evidence of the disqualification of O'Reilly to act as an attorney applies also to the refusal of the court to instruct the jury, at appellant's request, that, to entitle the plaintiff to recover in this action, they must find from the evidence that he had been admitted 'to the bar of the state, and was a member of the bar of the state of Colorado, at the time he performed the services for the value of which he was seeking to recover, the plaintiff's right to practice law not being in issue under the pleadings.

In reference to the amount and value of the services rendered, plaintiff testified that he had been engaged in the active practice of law since 1869 to the time of the trial; that he spent nearly a month in making an examination of the record in the case; that he examined every adjudication of this court bearing on the case, or the law of the case, to see if it were possible to discover some legal determination favorable to Bachman; that he examined the digests and text-books for adjudications in every state and territory, the United States digests, the American Decisions and American Reports, the criminal reports and text-books; that he went twice to Kiowa, in Elbert county, to familiarize himself with the location where the crime was alleged to have been committed. In addition to this labor, the witness stated that upon every question of fact he had conferences with Bachman, lasting oftentimes all day and far into the night; that he procured an order advancing the case upon the docket of this court, upon motion supported by affidavits, and finally made an oral argument in the supreme court to supplement his printed brief. The witness also testified that, owing to certain idiosyncrasies of his client, his labors were very much increased. That he had devoted his life to the legal profession, and nothing else, and that he gave to Bachman's case nearly one solid year of hard work; and as a result succeeded in securing the reversal of the judgment and verdict against his client, upon the evidence. The weight to be given to

this and other testimony in the case was a question for the jury to determine.

This case appears to have been carefully tried by the court below upon the issues made, and submitted to the jury under proper instructions. If the jury had accepted the defendant's theory of the contract, a verdict in his favor would, without doubt, have been returned by the jury; but, the jury having accepted the version of the contract given by plaintiff and his witnesses upon the stand, it is not for this court to interfere. Perceiving no error in the record, the judgment must be affirmed.

*Affirmed.*