HOWELL v. SMITH.

1. ATTORNEYS—ACTION FOR SERVICES—EVIDENCE.
   A witness who is not an attorney is incompetent to testify to the value of professional services rendered by an attorney.

2. SAME.
   The defendant in a suit brought by attorneys to recover for professional services testified that he had had some experience in employing counsel, and had employed as good attorneys as the plaintiffs, and those who were in as good standing in the profession, and had had occasion to settle with them. *Held*, that this testimony did not render the defendant competent to state what plaintiffs' services were worth.

3. SAME—EXECUTION OF RECEIPT.
   The defendant contended that he had paid the plaintiffs, and taken a receipt in full. Plaintiffs denied the execution of the receipt, the body of which was in defendant's handwriting. Upon cross-examination, defendant testified that he had frequently drawn receipts for lawyers to sign, but was unable to give an instance where he had done so, other than the one in question. The following day, upon being asked on redirect examination if he could produce any other receipts so drawn and signed, the witness produced several such receipts, and was permitted to testify what attorneys signed them; whereupon his counsel offered the receipts in evidence. *Held*, that they were properly excluded.

4. SAME.

The receipt purported to be signed by the plaintiffs in their
firm name. The defendant testified that he wrote the receipt,
and that one of the plaintiffs signed it in his presence; that,
after the receipt had been written, the plaintiff stated that it
was not dated, and thereupon dated it and signed it; but that
witness thought it was given in July, instead of February, its
purported date. Plaintiff testified that he never executed the
paper, either on the date it purported to bear or upon any date;
that he could not state positively whether or not the signature
was his; that the paper bore evidences of having had writing
upon it before, which had been erased by a rubber; that it was
his impression that he wrote the date and signature; that, it
being in pencil, it was difficult for him to say; and that, if it
had been done in ink, he could tell a great deal better. *Held*,
that it could not be said that the genuineness of the signature
was admitted.

Error to St. Joseph; Yaple, J. Submitted January 17,
1896. Decided February 18, 1896.

*Assumpsit* by Marshall L. Howell and others, com-
posing the law firm of Howell, Carr & Barnard, against
Frank B. Smith and another, for professional services.
From a judgment for plaintiffs, defendants bring error.
Affirmed.

*R. R. Pealer* and *George E. Miller*, for appellants.

*David Knox, B. E. Andrews*, and *H. P. Stewart*, for
appellees.

LONG, C. J. This action was brought to recover for
professional services rendered by the plaintiffs, as attor-
neys at law, for the defendants. Plaintiffs had verdict
and judgment. Defendants bring error.

The principal contention arises upon the ruling of the
court in refusing to permit the defendant Frank B. Smith,
while upon the stand as a witness in his own behalf, to
testify to the value of plaintiffs' services. Mr. Smith
testified that he had had some experience in employing
counsel, and had employed as good attorneys as the plain-

tiffs, and those who were in as good standing in the profession, and had had occasion to settle with them. He was then asked: "From your experience and knowledge of the going or customary price of attorneys' fees, or what they charge for their services, and from your knowledge of what was done and the time that was spent in the Thurston case, what do you say the services rendered that day were worth?" This was objected to, and the objection sustained. It is contended by counsel for defendants that the witness was competent to testify to the value of these services, for the reason that he knew what services had been rendered, and what other attorneys charged for like services.

Counsel cite no case which sustains this contention. The general rule is stated by Lawson in his work on Expert and Opinion Evidence, holding that an ordinary witness cannot testify as to the value of services performed by an attorney; that an attorney, on the other hand, is an expert on these questions; and therefore, when one lawyer brings an action on a bill for legal services, it is the proper and usual mode to call another lawyer as a witness to ask him, considering the amount in controversy, the legal questions involved, and the importance of the case, what, in his opinion, is the value of the plaintiff's services. The reason for this rule is stated by the same author to be that—

"The question is one upon which, from the nature of the case, it is not practicable to furnish more definite evidence than the opinion of witnesses who show themselves qualified to form well-grounded estimates of such value by their familiarity with the department of business in which such services have been rendered. * * * There is no fixed standard by which their value can be determined. Their value and reasonable price vary with the magnitude and importance of the particular case, the degree of responsibility attaching to its management, the difficulty of the questions involved, the ability and reputation of counsel engaged, the labor bestowed, and other matters which will readily occur to the profession." Lawson, Exp. Ev. Rule 21.

In *Allis* v. *Day*, 14 Minn. 516, the court stated, as the reason why expert testimony in this class of cases was proper, that the experience and knowledge of the ordinary juryman do not qualify him to form an opinion as to the value of services of this kind. In *Hart* v. *Vidal*, 6 Cal. 56, it was held that a witness who is not an attorney is incompetent to prove the value of an attorney's services. It was said that the witness was not a lawyer, and therefore not such an expert as the rules of evidence admit.

It is contended by counsel for defendants, however, that inasmuch as the witness had settled with other attorneys, and knew what their charges were in other cases, his testimony was competent, as his opinion was based upon knowledge thus obtained. In *Babbitt* v. *Bumpus*, 73 Mich. 331, it appeared that an offer was made by the defendant to show that less was charged by the attorneys for the other side in the same case than was charged by the plaintiff, and that the services of the former were quite as important and of as much or even greater value than those rendered by the plaintiff. The testimony was rejected, and it was held by this court that the court below was not in error in refusing to receive the testimony.

It is further claimed that the court was in error in refusing to permit the defendants to put in evidence receipts taken from other attorneys upon settlements with them. Upon the trial, the defendants contended that they had paid the plaintiffs in full, and taken a receipt therefor. Plaintiffs denied the execution of the receipt. While defendant Frank B. Smith was upon the witness stand, he was asked by counsel upon cross-examination if he ever wrote a receipt for a lawyer in his life, and asked him to sign it; and the witness answered that he had. He was then asked to give an instance where he did, except in this one case. On redirect examination by his own counsel on the following morning, he was asked if he could produce other receipts so signed. He produced several, was permitted to testify what attorneys signed them, and

108 MICH.—23.

his counsel then offered them in evidence. The court refused to receive them. We think the court was not in error in this ruling. The receipts were not offered for the purpose of showing payments upon any claim made by the plaintiffs.

Counsel for defendants requested the court to charge the jury in the first request:

"The burden rests upon the plaintiffs to establish their right to recover by a fair preponderance of the evidence, and they cannot recover unless they have produced a preponderance of the evidence showing their right to your verdict."

The court charged the jury:

"The plaintiffs are required to prove their case by a fair preponderance of the evidence before they are entitled to recover, notwithstanding the plea of set-off; and, unless you find a greater weight of evidence in favor of the plaintiffs' claim, you will find for the defendants."

It is difficult to discover why counsel make the claim that their first request was not given substantially, when we read this portion of the charge.

In the second request, counsel asked the court to charge:

"The signature of the receipt produced by defendants being admitted to be that of the plaintiffs, the burden rests upon them [the plaintiffs] to establish a change since its execution, unless you find evidence of a change from an inspection of the paper itself."

The court charged the jury upon that question as follows:

"A paper has been introduced in evidence which defendants claim is a receipt in full of all demands against them by the plaintiffs upon a final settlement of their claims. The plaintiffs deny the execution of the receipt in question. The burden of proof is upon the defendants to show by a fair preponderance of the evidence the execution of the receipt in question by the plaintiffs. Whether or not the plaintiffs did execute it is for you to determine from the evidence in the case. If you find the plaintiffs did not execute the alleged receipt, then you are

to reject it. If you find that the plaintiffs did execute the receipt in question, then I instruct you that the receipt is *prima facie* evidence of payment, but not conclusive evidence of payment. It may be contradicted by parol testimony; and if you are satisfied from a fair preponderance of the evidence that plaintiffs rendered any services or incurred any expense or expended any money for defendants, as claimed by the plaintiffs, for which they have not been fully paid, and that the receipt in question is not intended to cover the same, and that the same were overlooked, and by mistake of parties not included in this settlement when the receipt was given, then plaintiffs are not bound by the alleged settlement, nor by the receipt as a receipt in full."

On the trial, defendants contended that they had paid the plaintiffs' claim in full, and produced a receipt which they claim was taken upon the settlement, as follows:

"Received of Smith Bros. & Co., F. B. Smith & H. B. Smith, and M. M. Smith, in full for all demands to date. "February 7, 1887."

This was purported to be signed by Howell, Carr & Barnard.

Defendant Smith testified that he wrote the receipt, and Barnard signed it in his presence. He says that, after writing the receipt, Barnard said that it was not dated, and that he (Barnard) sat down, and dated it, and signed it; but the witness thinks that the receipt was given in July, instead of February. Upon this question, Mr. Barnard, upon his cross-examination, was asked: "You may state whether that paper was executed by you." He answered: "No, sir; I never executed that paper." And further on he states: "I never executed that paper upon the date it purports to bear date, or upon any date." He also said:

"I would not be able to state positively whether it is my signature or not. The paper bears evidences of having had writing upon it before this, and that writing having been erased by a rubber. The paper has dark lines across it, such as would be made by erasing what had been written with a pencil; and the glossing seems

to have been disturbed and rubbed off, and the paper seems to have been trimmed down with a pair of shears."

He was further asked:

"*Q.* I understood you to testify that the signature attached to that paper appears to be your signature or resembles your signature?

"*A.* Yes, sir; I couldn't say positively it was not mine."

Further on he stated:

"It is my impression that I wrote that date and the signature, but the absence of those marks makes me think that I did not. It being in pencil, it would be difficult for me to say. If it had been done with pen and ink, I could tell a great deal better."

It is from this testimony that defendants contend that Mr. Barnard admitted signing the paper. We think this cannot be construed as such admission. The question was fairly submitted to the jury.

The third request, we think, was substantially given.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.