AMERICAN RAILROAD CO. OF PORTO RICO *v.* MUNICIPAL COURT.

APPEAL from the District Court of Ponce.

No. 442.—Decided April 4, 1910.

CERTIORARI—INTEREST OF PARTIES IN CIVIL ACTION.—In an application for *certiorari*, made by the defendant in a civil action, the plaintiff is a real party in interest and has a right to intervene and make such allegations as he may deem proper therein.

APPEAL—CERTIFICATE OF TRANSCRIPT OF RECORD—CONSTRUCTION OF LAW.—In accordance with the provisions of section 302 of the Code of Civil Procedure, the transcript of the record sent to the Supreme Court on appeal may be certified by the secretary, who is a judicial officer without interest in the suit, and who has the originals in his custody, or by counsel for the parties interested in the proceeding, it then being made to appear that all of the interested parties took part therein at the proper time and had an opportunity to acquaint themselves, not only with the truth thereof, but that it contained the whole action or such part thereof as was submitted to the consideration and decision of this court.

ID.—CERTIFICATE OF TRANSCRIPT OF RECORD BY COUNSEL FOR APPELLANT ONLY.—In accordance with the foregoing doctrine, a transcript of a record certified by counsel for the appellant only is not effective for the purposes of an appeal.

CERTIORARI—JUDGMENTS OF DISTRICT COURTS—APPEAL.—In accordance with the provisions of section 295 of the Code of Civil Procedure, it is clear that final judgments rendered by district courts in *certiorari* proceedings which originated and were decided therein, are appealable to this Supreme Court.

ID.—AMOUNT INVOLVED IN LITIGATION—JUDGMENT RENDERED BY DISTRICT COURTS IN CERTIORARI PROCEEDINGS—JURISDICTION OF SUPREME COURT.—This Supreme Court has jurisdiction of an appeal from a judgment of the district court rendered in *certiorari* proceedings originating therein, and it is immaterial what the amount involved in the suit to which the *certiorari* refers may be.

NULLITY OF NOTICE OF APPEAL—JURISDICTION OF MUNICIPAL COURTS.—In accordance with the provisions of section —— of the law governing appeals from judgments rendered by the municipal courts, approved March 11, 1908, it is evident that municipal courts have jurisdiction to declare a notice of appeal null and void.

SERVICE OF NOTICE OF APPEAL—JURISDICTION.—Service of notice of appeal is a matter affecting the jurisdiction of the court, and where such notice is not served within the time provided by law, and in accordance with the requirements thereof, the appellate court has no jurisdiction of the appeal.

ID.—NOTICE TO ADVERSE PARTY OR HIS COUNSEL.—The provisions of section 324 of the Code of Civil Procedure in regard to service of notice in civil actions are not applicable to appeals from municipal courts.

ID.—NOTICE OF APPEAL UPON PARTY AND NOT HIS ATTORNEY.—In accordance with the foregoing doctrine and in consideration of the fact that in the act governing appeals from municipal courts, approved March 11, 1908, the words ''upon the adverse party or his counsel'' employed in ˙section 296 of the

Code of Civil Procedure, must be construed to mean that the notice of appeal may be served either upon the party or his counsel, and it is sufficient if served upon either within the time and in the manner provided for by law.

CERTIORARI—ANNULMENT OF NOTICE OF APPEAL—ERROR OF MUNICIPAL COURT.— In accordance with the foregoing doctrine, it is error for municipal courts to annul a notice of appeal on the ground that it was served upon the party and not upon his attorney, and the writ of *certiorari* will issue to correct such error.

The facts are stated in the opinion.

*F. L. Cornwell and Fernando Vázquez* for appellant.

*Mr. José A. Poventud* for intervener.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Ponce dismissing an application for a writ of *certiorari.*

The record having been transmitted to this Supreme Court the appellant filed his brief and the plaintiff in the civil action to which the application refers, with whose intervention the proceedings thereon were had and who is really a party interested therein, also filed his brief entitled "in opposition" and he alleged that the writ did not lie on the following grounds:

(*a*) Because a copy of the record of the proceedings filed in the office of the secretary of this Supreme Court had not been delivered to him.

(*b*) Because the said transcript was certified only by the attorneys for the appellant, and

(*c*) Because this Supreme Court lacks jurisdiction.

The hearing on the appeal was had on the day set therefor, without either of the parties interested appearing thereat.

In the first place we will examine the second of the questions raised—that is to say, that the transcript of the record is not certified in accordance with the law.

The certification reads as follows:

"The undersigned attorneys of the American Railroad Co. of Porto Rico *certify:* That the foregoing is a true and faithful copy of the original record of the case prosecuted by the American Railroad

Co. of Porto Rico against the municipal judge of the municipal court of Ponce, relating to an application for a writ of *certiorari.*

"And for transmission to the Supreme Court on the appeal taken, we sign these presents in Mayagüez on August 30, 1909. F. L. Cornwell, Fernando Vázquez, Attorneys for the Appellant."

And section 302 of the Code of Civil Procedure provides as follows:

"The copies provided for in the last three sections must be certified to be correct by the secretary or the attorneys."

Do the words "the attorneys" employed in said section refer to the attorneys of the parties or to the attorneys of the appellant? This is the question we have to decide.

The Supreme Court of California in construing section 953 of the Code of Civil Procedure, which is identical with section 302 of our Code, excepting in the part relating to the bond required in California and not in Porto Rico, in the case of *In re Medbury,* 48 Cal., 83, established the following doctrine:

"The transcript in an appeal must be made with the concurrence of all the parties or their attorneys, or certified to by the secretary. A stipulation accepting the transcript signed by the attorneys of all the parties with the exception of one, is insufficient."

This doctrine is in harmony with the letter and spirit of the law. The copy of the record transmitted to this Supreme Court in cases of appeals, is considered as the real original and this court bases its decision thereon. It is necessary that such copy be true and complete and that there be not the slightest doubt of its authenticity. It may be certified to:

(*a*) By the secretary who is a judicial officer without interest in the action and who has the original in his custody, or

(*b*) By the attorneys of all the parties interested in the proceedings, in which case it must appear that all of said interested parties had intervention therein at the proper time

and were enabled to assure themselves not only of its correctness but that it contained the entire record or that part of it which was submitted to the examination and decision of the Supreme Court.

In this case the transcript is not certified to by the secretary nor by the attorneys of the parties, but only by the attorneys for the appellant; and this question having arisen as far back as October 27, 1909, and the appellant not having corrected nor attempted to correct this defect, the appeal should be dismissed; but taking into consideration that it has long been the practice of this Supreme Court to admit transcripts of records certified to by the attorney or attorneys of the appellant, we shall here confine ourselves to setting down our opinion so that it may be observed hereafter, and proceed to a consideration of the other questions involved in this matter and decide them on their own merits.

The first of the questions raised by the plaintiff, Torruella, is of no importance in our opinion. The third—that is to say, the question of jurisdiction—is worthy of careful study.

Section 295 of our Code of Civil Procedure provides that an appeal may be taken to this Supreme Court from a judgment rendered by a district court in a special proceeding. A writ of *certiorari* is a special proceeding and when it originates in, and is decided by, a district court, it is very clear that an appeal to this Supreme Court lies from the final decision or judgment of said district court.

In the case of *Morley* v. *Elkins*, 37 Cal., 454, the Supreme Court held that an appeal could be taken to said Supreme Court in *certiorari* cases. And in *Trustees, etc., School Directors*, 88 Ill., 100, the Supreme Court of Illinois held that "the right of appeal from all final judgments of circuit courts to this Supreme Court is granted by the law. And it lies from a final judgment of a circuit court in a case of *certiorari*."

But the question, as raised, is whether a case originating in a municipal court in which the amount of the judgment did not exceed $300, taking into consideration the provisions of

the second paragraph of the said section 295 of the Code of Civil Procedure, as amended by the Act of March 9, 1905, (Laws of 1905, p. 136), can be appealed from.

Under this act an appeal would not lie to this Supreme Court from the judgment rendered by a district court if it had taken cognizance of the case in question on appeal. And this being the case, it appears logical that neither would an appeal lie from a judgment rendered by said district court on the application for a writ of *certiorari*.

This opinion has been maintained by the Supreme Court of California not only in the case of *Bienenfeld* v. *Fresno Milling Co., 82* Cal., 425, but in that of *The People* v. *Carman, 18* Cal., 693. In the former case the following doctrine was established: "The appellate jurisdiction of the Supreme Court does not extend to an appeal from a judgment and order of an inferior court denying a writ of *certiorari* and affirming a judgment of a justice court, the amount of which is less than $300. The appellate jurisdiction is the same as if the original case had been appealed to the higher court." And in the latter: "A district court having affirmed *certiorari* proceedings the judgment of a justice court against the appellant for $164 and $14 for costs, the appellant appealed to the Supreme Court and it was held that the appeal should be dismissed for lack of jurisdiction."

But the Supreme Court of California in the case of *Winter* v. *Fitzpatrick*, 35 Cal., 272, expressed itself in the following terms:

"The jurisdiction of this court in proceedings of this nature, does not depend on the amount in controversy. Our review does not embrace the merits of the action. We do not examine the case more than necessary to determine whether it is a case in which the inferior court, board or official from which it originates had jurisdiction, and if it did not have it, whether an appeal lies or any other clear, rapid and adequate remedy. With this end we may or may not have occasion to examine the amount in controversy, but not for the purpose of fixing the amount or deciding any question involving the right of any party in a judgment rendered on the merits. * * *. The case

of *The People* v. *Carman*, 18 Cal., 693, also cited by the respondent, is pertinent, but we cannot understand the reasons which led to the decision rendered in said case. The ground thereof was that the amount in controversy was not sufficient. If this court could not take cognizance of the case on that ground, the district court lacked jurisdiction also, because the constitution with respect to the jurisdiction of both courts was then and is now the same in relation to the amount in controversy; nevertheless, we do not know that it has ever been alleged that the amount in controversy was a means of proof of the power of district courts to issue writs of *certiorari*. The statute then, as now, conferred power upon the district courts to issue writs of *certiorari*, and to this court the power to review their judgment in such cases. (Law of Practice, secs. 456, 465.) We are of the opinion that the case of *The People* v. *Carman* must be attributed to that inadvertence which courts sometimes incur.''

The grounds of the last opinion of the Supreme Court of California appear to us be to better established than those of the cases we cited previously, and more in harmony with the nature and the ends of a writ of *certiorari;* and we hold, therefore, that this Supreme Court has jurisdiction to take cognizance of an appeal from a judgment of a district court rendered in a case of *certiorari,* no matter what may be the amount involved in the case to which the *certiorari* refers.

Let us now examine whether the municipal court in the civil case to which the application for a writ of *certiorari* refers, acted without jurisdiction or committed an error in procedure.

The jurisdiction of municipal courts to annul a notice of appeal is evident. This power was expressly conferred on them by section two of the act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, which reads as follows:

''Section 2.—The presentation of such notice of appeal to the secretary of the municipal court shall have the effect of staying execution of the judgment. If, however, the appellant fails within the 10 days above-mentioned to serve a copy of the notice of appeal on the opposite party or his attorney, such notice so presented to the

secretary of the municipal court shall be annulled by the judge of the municipal court on motion of the opposite party."

Let us observe the method employed in the annulment in this case.

A judgment having been rendered by the municipal court of Ponce in the civil action prosecuted by *Juan Torruella* v. *The American Railroad Co. of Porto Rico,* for the recovery of damages, in favor of the plaintiff, the defendant appealed to the district court and to this end filed the following notice in the municipal court on June 14, 1909:

"To the Honorable Secretary of the Court. The defendant company, through its attorneys, informs you that it appeals from the judgment rendered by this municipal court on the fourth instant. Mayagüez, June 12, 1909. (Signed) F. L. Cornwell, Fernando Vázquez."

"The undersigned having been duly sworn deposes: 1. That on this date he served the foregoing notice on Juan Torruella Cortada by forwarding to him, through registered mail, a copy of said notice to his residence in Ponce, between which city and this city there is a daily and regular mail service; 2. That on this date I deposited said communication in the post-office of this city. (Signed) Fernando Vázquez.

"Number 1115.—Sworn to and subscribed before me this 12th day of June, 1909, by Fernando Vázquez, an attorney of this city, married, of age, with whom I am personally acquainted. (Signed) Attorney Mariano Riera Palmer, Notary Public."

On June 22, 1909, the plaintiff filed a petition alleging:

"The notice of appeal presented by the defendant in the above-mentioned case is void because notice thereof was not served on the attorney of the plaintiff, as may be deduced from said notice, within the period prescribed by law; and furthermore, because the affidavit of the service thereof contains certain defects which invalidate it."

And the municipal court on July 24, 1909, made the following order:

"The court annuls the notice of appeal of the American Railroad Co. of Porto Rico, entered in the office of the secretary on June 14,

1909, because it does not contain the affidavit prescribed by law, and because service thereof has not been made on the attorney for the respondent as specifically provided by law.''

The defendant then presented on July 28, 1909, its application for a writ of *certiorari* to the district court, and the latter after having examined the record and having heard the parties interested, held that the proceedings had in the municipal court conformed to the law, ''inasmuch as the oath contested was not filed as prescribed by law nor was it corrected within the term allowed, and that the notice also contested was served on the plaintiff and respondent, instead of having been served on the attorney for said party,'' and consequently it dismissed the application, and on July 31, 1909, rendered the decision appealed from.

The material ground of the order of July 24, 1909, made by the municipal court, are not the errors which the affidavit may contain, but the failure of the service of notice of the appeal on the attorney for the respondent.

''The notice of the appeal is a jurisdictional fact and if such notice is not served within the term fixed by law and in accordance with the requirements thereof, the appellate court will not have jurisdiction of the case.'' (*Dalzell* v. *Superior Court*, 67 Cal., 453.)

Section 296 of the Code of Civil Procedure provides that the notice of the appeal shall also be served ''on the adverse party or his attorney.'' And section 324 of the same Code provides that ''in all cases where a party has such resident attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except of *subpoenas* of writs, and other process issued in the suit, and of papers to bring into contempt; if there be no such resident attorney of record, service shall be made upon the party.'' Construing the provisions of law essentially similar to those aforecited, the Supreme Court of California has established the following doctrine:

''Section 337 of the Code provides that service of the notice of ap-

peal shall be made on the adverse party or his attorney; but such section does not prescribe when such notice shall be served on the adverse party and when on his attorney. Section 524 provides that in all cases where the party has an attorney in the action or proceeding, service of process when necessary shall be made on the attorney instead of on the party, excepting *subpoenas,* etc. This provision controls the general provisions of section 337, and requires that the notice of the appeal be served on the attorney of the adverse party, when such party has an attorney. (*Grant* v. *White,* 6 Cal., 56.) The appeal is dismissed.'' (*Abrahams* v. *Stokes,* 30 Cal., 150.)

"Interpreting section 940 in relation with section 1015 of the Code of Civil Procedure, they require that service of notice of the appeal be made on the attorney of a party who has appeared through an attorney. In such case service of notice on the party personally is not authorized. The appeal is dismissed.'' (*Per curiam, Jones* v. *McGarvey et al.,* decided by the Supreme Court of California April 5, 1899, reported in 56 Pac. Rep., 896.)

Now, then, are section 324 of the Civil Code and the jurisprudence cited applicable to appeals from municipal courts?

We understand not, because they clearly refer to district courts, which are courts of record in which the rule is the appearance through attorney, and the exception, appearance without attorney, and not to municipal courts in which the rule is appearance without attorney, and the exception, appearance through an attorney.

And as the act to regulate appeals from judgments of municipal courts, approved March 11, 1908, does not provide that the service of the notice must necessarily be made on the attorney of the adverse party, when the latter appeared through an attorney, and such act not being controlled by section 324 of the Code of Civil Procedure, the words ''on the adverse party or his attorney,'' must be construed in the sense that service may be made either on the party or his attorney, being valid when made on either of them within the time and in the form prescribed by law.

Therefore, the municipal court of Ponce in deciding the contrary in this case—that is, in annulling the notice of appeal filed in due time and served on the secretary and adverse

party—committed an error which should have been corrected by the district court in the proceedings on the application for a writ of *certiorari* made for the purpose.

The judgment appealed from should be reversed and the case remanded to the district court in order that it may proceed in accordance with this opinion.

*Reversed.*

Chief Justice Hernández and Justices Figueras, Mac-Leary and Wolf concurred.