### KAPPLER et al. v. STORM et al.

No. 5580. Opinion Filed November 9, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1142.)

1. EVIDENCE—Opinion—Competency—Value of Legal Service. A witness who is not an attorney at law is incompetent to prove the value of legal services of an attorney.

2. ATTORNEY AND CLIENT—Action for Compensation—Direction of Verdict—Evidence. In an action to recover for legal services rendered S., D., and G., the plaintiffs testified that the services were worth $400, and that the joint interest of S. and D. equaled the interest of G. in the subject-matter of the litigation, and that they (plaintiffs) apportioned the fee $200 to said S. and D., and $200 to G.; that S. and D. had paid them $200, and G. had paid them $100; **held,** that upon a request of S. and D., a directed verdict in favor of them was proper.

(Syllabus by Collier, C.)

*Error from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

Action by Charles J. Kappler and another against Fred E. Storm and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

This controversy arose under claim by plaintiffs in error, hereinafter designated plaintiffs, against defendants in error, hereinafter called defendants, for a balance due of $100 for legal services rendered by plaintiffs to defendants.

There was evidence offered by plaintiffs of their services rendered, and that said services were reasonably worth the sum of $400, of which $200 was charged to two of the defendants, Storm and Douglas, and $200 to the other defendant, Gill, in accord with the respective interests in the subject-matter of the litigation in which said services were rendered; and that there had been paid to plaintiffs by said Storm and Douglas $200, and by Gill $100, leaving an alleged balance due them of $100. There was evidence on the part of defendants tending to show that the services were not worth the sum of $400; and in this connection Thos. H. Farrar was offered as a witness, and testified, in substance, as follows: That he held the office of field clerk for the Indian agency, which is commonly known as the "Local Indian Agency," and had held said position since July 6, 1908, in said county and in Okfuskee county; that he was familiar with the Annie King allotment up by Salt Creek, out of which this lawsuit arose; that the question of the approval of said lease came before him as the local agent of the Indian agency; that he was familiar with the proceedings had in his office, and the office of the Indian agency at Muskogee; that he knew the rule that the department at Washington had with reference to approval and dis-

approval of leases, when recommended for approval by the local agent or superintendent of the Indian agency at Muskogee; that they usually approved at Washington a lease recommended at Muskogee, unless something came up at Washington which did not come up at Muskogee; that when one party has obtained a lease and another party is resisting the approval of that lease, and the approval is recommended by the superintendent of the Indian agency at Muskogee, and the party resisting the approval of the lease employs counsel to appear before the Secretary of the Interior at Washington, then where the lessee, or the man who is securing the approval of the latter lease by the Secretary of the Interior and has employed counsel to represent him before the department, seeking to have the recommendation of the Indian agency concurred in by the Secretary of the Interior, such services of an attorney representing the successful lessee would not be worth as much as they would be if the attorney representing the party whose lease had been recommended rejected had gone to Washington and gotten the recommendation overruled; that he had occasion to ascertain and know the customary or reasonable services rendered before the department in the approval of leases, and this he only knew in a general way; that he was familiar with fees charged for services of that kind only from observation; that he had had no actual experience, but would not say that he was not familiar enough to testify to that hypothetical question what a reasonable fee would be for an attorney in Washington; that from his knowledge, he knew what would be a reasonable fee for an attorney representing Gill, Storm and Douglas; and that from his experience as local district agent, and from his knowledge of what occurred in this

case, he was familiar with and knew what character of services were required of an attorney representing Gill, Storm, and Douglas before the Secretary of the Interior in this particular case; and that $250 would have been a very liberal fee in said case. It was not shown that said witness was an attorney at law.

Plaintiffs objected to that portion of the foregoing testimony in which the witness fixed the value of the fee, upon the ground that it was irrevelant, incompetent, and immaterial, and that the witness had not qualified to answer as to his knowledge of the value of the services rendered in Washington.

When plaintiffs rested their case, defendants moved the court to direct the jury to return a verdict in favor of Storm and Douglas, which motion was sustained by the court; to which plaintiffs duly excepted, and the trial proceeded as to the other defendant, Gill, and resulted in a verdict for defendants. Within the statutory time, motion for a new trial was filed, which was overruled by the court; to which action of the court plaintiffs duly excepted. Judgment was rendered on the verdict, to reverse which this appeal is prosecuted.

*Merwine & Newhouse,* for plaintiffs in error.

*Fred M. Carter,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). The amount of knowledge which a witness must possess before a party is entitled to his opinion as an expert is a matter left largely to the discretion of the trial court, and its ruling thereon will not be disturbed, unless clearly erroneous. *Atchison, T. & S. F. R. Co. v. Baker,* 37 Okla. 48, 130 Pac. 577; *Chateaugay Ore &*

*Iron Co. v. Blake,* 144 U. S. 476, 12 Sup. Ct. 731, 36 L. Ed. 510; *Congress, etc., Spring Co. v. Edgar,* 99 U. S. 645, 25 L. Ed. 487; *Stillwell, etc., Mfg. Co. v. Phelps,* 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035; *Inland, etc., Coasting Co. v. Tolson,* 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; *Erhardt v. Ballin,* 55 Fed. 968, 5 C. C. A. 363.

It appears from the evidence that witness Farrar had had no experience in fixing fees for such services, and that all he knew as to the value of same was "from observation," the extent of which is not shown; that he did not know anything of the character or ability of plaintiffs, or their standing as attorneys, and did not consider that element in arriving at the conclusion as to the value of their services. It does not appear that said witness knew the actual services rendered by plaintiffs to defendants, or that he was an attorney at law. Judicial notice will not be taken that a witness offered is a lawyer; that fact must be made to appear. *Fry v. Estes,* 52 Mo. App. 1.

"An expert must have particular, specific knowledge upon the subject about which he testifies." (Jones Com. on Ev., vol. 2, sec. 368, and authorities there cited.)

Considering all the evidence of the witness, we are of the opinion that he did not properly qualify to authorize his evidence as to the value of the services rendered by plaintiffs to defendants to go to the jury. But there is a more serious vice in admitting his evidence as to the value of the services in this case, for the reason that he is not shown to be an attorney at law, which fact alone renders the admission of his evidence as to the value of services rendered a reversible error.

"As to the value of professional services, only persons engaged in that profession can give evidence." (Jones Com. on Ev., sec. 387, vol. 2, p. 960.)

In the case of *Hart v. Vidal*, 6 Cal. 56, Mr. Justice Heydenfelt says:

"A witness, who is not an attorney, is incompetent to prove the value of an attorney's services."

The holding in *Hart v. Vidal, supra,* is approved in the case of *Howell v. Smith*, 108 Mich. 350, 66 N. W. 218. See, also, *Mock v. Kelly*, 3 Ala. 387.

"The weight of authority is to the effect that a witness who is not a lawyer is not competent to testify as an expert to the value of the professional services of an attorney." (2 Encyc. of Ev., p. 169.)

In *Allis v. Day*, 14 Minn. 516 (Gil. 388), it is held that practicing lawyers occupy the position of experts as to the question of the value of legal services; that from the character of their business they are not only in the habit of estimating the value of official services, but they enjoy peculiar advantages for so doing; that their opinions of such values should therefore be received, not only because they are qualified to perform such services, but because it appears to be impracticable to furnish any more satisfactory evidence.

While it is true that some of the authors on evidence express an opinion contrary to the authorities cited, not one of said text-writers cites authority in support of his views.

We think the court correctly directed a verdict for the defendants Storm and Douglas, for the reason that the testimony of plaintiffs shows that they charged Storm and Douglas $200, and Gill $200, which was in accord

with the interest of the parties in the subject-matter of the fee, and Storm and Douglas had paid plaintiffs $200 before the commencement of this suit.

Since the views herein expressed necessarily .work a reversal of this cause, we deem it unnecessary to discuss any of the other questions involved in this appeal.

The judgment of the trial court should be reversed and the cause remanded.

By the Court: It is so ordered.