## JOHN R. BOWERS ET AL.

### v.

## C. M. BODLEY.

CHATTEL MORTGAGE—ASSIGNMENT.—Appellee received an assignment of a second chattel mortgage upon a crop of corn, but before assignment to him the corn had been taken upon the first mortgage, sold to appellants, and by them sold and delivered to parties in Ohio. *Held*, that the assignment after appellants had parted with the possession, passed all the mortgagee's right in the property, but did not carry with it the right to sue all persons through whose hands it had passed, for injuries to it before the assignment. To maintain such an action, the assignee must have been the owner or entitled to possession of the property at the time of the wrongful act complained of.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 2, 1879.

Messrs. TIPTON & POLLOCK, for appellants; that appellee should aver notice by appellants of the rights of the second mortgagee, cited Prettyman v. Unland, 77 Ill. 206.

The corn being in possession of appellants, claiming it as their own, the second mortgagee can convey no interest therein to appellee: McGoon v. Ankeny, 11 Ill. 558; Young v. Ferguson, 1 Litt. 298; Gardner v. Adams, 12 Wend. 297; O'Keefe v. Kellogg, 15 Ill. 347.

If there was a conversion, it was before appellee purchased the note and mortgage, and he cannot maintain this action: Overton v. Williston, 31 Pa. St. 155; Hicks v. Cleveland, 39 Barb. 573.

Courts will not take judicial notice of the official acts of justices of the peace in other counties: Irving v. Brownell, 11 Ill. 402; Livingston v. Kettelle, 1 Gilm. 116; Chambers v. The People, 4 Scam. 352.

The re-planting of a portion of the corn after giving the first mortgage did not affect the validity of the mortgage: Putnam v. Carling, 10 Gray, 334; McComber v. Parker, 14 Pick. 497.

Stamps v. Gilman, 43 Miss. 456; Argues v. Wasson, 51 Cal. 620; McCarthy v. Bevins, 5 Yerger, 195; Condermun v. Smith, 41 Barb. 404.

Mr. JOHN R. KINNEAR, for appellees; that the judgment will not be disturbed on account of any mis-pleading, cited Rev. Stat. 130.

Counts in trover and case may be joined: 1 Chitty's Pl. 200; Puterbaugh's Pl. 390.

Case will lie where there is want of possession: 1 Hilliard on Torts, 496; Cooley on Torts, 445; Pike v. Colvin, 67 Ill. 227; Watt v. Scofield, 76 Ill. 265; Hicks v. Cleveland, 39 Barb. 573; Waldron v. Willard, 17 N. Y. 466.

No certificate of official character of the justice is necessary on a chattel mortgage: Rev. Stat. 674; 1 Jones on Mortgages, § 536; Ely v. Wilcox, 20 Wis. 524.

The corn was re-planted after the first mortgage, and the resulting crop was not the same that was intended by the first mortgage. Property cannot be substituted: Rhines v. Phelps, 3 Gilm. 455; Hunt v. Bullock, 23 Ill. 325; Hutton v. Arnett, 51 Ill. 198.

A mortgage cannot be given of a crop not planted: Gettings v. Nelson, 86 Ill. 591; Hunt v. Bullock, 23 Ill. 325; Davis v. Ransom, 18 Ill. 396.

HIGBEE, J. This was an action in trover by appellee against appellants, to recover for the alleged wrongful conversion of a lot of corn. The declaration also contains a count in case.

One John McBride, who planted and raised the corn, executed to Harmon Helmerick, on the 14th day of May, 1878, a chattel mortgage on eighty acres of growing corn, on the place where he then resided, recently planted by him, to secure a note to Helmerick for $342.50, due the first day of February, 1879.

By the terms of the mortgage, the possession of the property was to remain with the mortgagor, until default in payment, with the right to the mortgagee in case he should feel himself insecure or unsafe, or should fear diminution, waste or removal

of the property, to take immediate possession, and the note to become at once due and payable.    This mortgage was acknowledged and recorded.    On the 26th day of September, 1878. McBride still being in possession, mortgaged the same property to John R. Kinnear, to secure a note to become due December 25th, 1878, the mortgagor to retain the possession of the property until default in payment, with a right to mortgagee, in case the mortgagor should sell, or attempt to sell, the property, to take immediate possession, and the note thereupon to become due and payable.

On the 17th day of December, 1878, the mortgagor having gathered the corn, turned it over to Mr. Helmerick, who sold it to appellants.    The corn was delivered to appellants and they paid for it, and sold and shipped it to parties in Toledo, Ohio.

On the 15th day of January, 1879, after the corn had been bought and paid for by appellants, and by them sold and shipped to Toledo, Mr. Kinnear assigned his note and mortgage to appellee, who brings this suit against appellants.

Appellee now insists that the first mortgage was void as against him, and points out several objections to it, but in the view we take of the case, it is unnecessary to pass upon these objections.

There is a question, however, presented by the record, which lies at the foundation of appellee's right to recover.    Even if his mortgage was valid as against the first mortgage, he was not the owner of it at any time while the mortgaged property was in the possession of appellants.    Before appellee had received an assignment of the note and mortgage from Kinnear, or had acquired any interest in the property, appellants had sold and shipped it to the purchasers, who were in possession as owners, claiming adversely to appellee's mortgage.

Had appellee been the owner of the mortgage by assignment while the property was in possession of appellants, the lien created by the mortgage would have enabled him to maintain a suit for any act by them, injurious to his rights, or he may pursue the property and assert his rights against any one in possession.

The assignment after appellants had parted with the possession

still passed all the mortgagee's right to the mortgaged property, and invested the assignee with all the rights of the mortgagee to the property; but such an assignment could not convey with it the right to sue all persons through whose hands it had passed, for injuries to the property before the assignment. To maintain such a suit appellee must have been the owner, or entitled to the possession of the property, or had some right or interest in it at the time of the wrongful act complained of.

The right to sue appellants for their alleged wrongful conversion, and recover damages therefor, was complete before the assignment, and to allow the assignment of such causes of action is against public policy. It is prejudicial to the interests of society, and tends to promote litigation, and the law will not tolerate persons of litigous dispositions in buying up the right of action and suing for torts to property in which they have no interest, for the purpose of harassing their neighbor or for speculation. Armstrong et al. v. Cooper, 11 Ill. 558; Overton v. Williston, 31 Penn. St. R. 155; Norton v. Tuttle et al. 60 Ill. 130.

For these reasons the judgment of the court below is reversed.

Judgment reversed.