H. O. HAMLIN, Respondent, v. W. W. CARRUTHERS, Appellant.

St. Louis Court of Appeals, November 24, 1885.

1. PRACTICE—TIME FOR FILING AMENDED PLEADINGS.—The statute which directs that third amended pleadings shall be filed *instanter* having been held directory by the trial court, with a granting of further time, to which the defendant did not then object ; and the defendant having failed to except to the granting of leave to file the amended petition, and having taken issue upon it, objection to its filing comes too late on appeal.

2. —— PLEADING—AIDER BY VERDICT.—A petition, the allegations of which, though not explicit, are such that the connections between allegations must be necessarily inferred, is sufficient after verdict.

3. —— CONVERSION.—The consignee's indorsement and delivery of an elevator receipt is a conversion of the grain therein described, as against the holder of a draft drawn against it with transfer of bill of lading, of which the consignee had notice.

4. —— INTENT.—That the consignee may not have intended to act in violation of the rights of other persons is immaterial, he being responsible for the natural consequences of his acts irrespective of his intentions.

5. —— ASSIGNABLE CAUSE OF ACTION.—The cause of action which the holder of a bill of lading has against the consignee of the goods for conversion, where there appears a feature of violated agreement, express or implied, as between consignor and consignee, or otherwise, is assignable under the statute of this state which makes a civil action the remedy for every civil wrong.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

James P. Dawson, for the appellant : Where there is an entire failure to prove the cause of action as alleged, there can be no recovery by the plaintiff unless he amend his petition to conform to the proof. *Waldhier v. R. R. Co.*, 71 Mo. 514; *Luckie v. R. R. Co.*, 67 Mo., 245; *Edens v. R. R. Co.*, 72 Mo. 212; *Price v. R. R. Co.*, *Id.* 414; *Harrison v. R. R. Co.*, 74 Mo. 369. Only those issues raised by the pleadings can be tried. Issues can not be raised by the evidence and instructions. *Ross v. Ross*, 81 Mo. 84; *Newham v. Kenton*, 79 Mo. 382; *Bullene v. Smith*, 73 Mo. 151, 162; *Glass v. Gelvin*, 80 Mo. 297. And the plaintiff would in no event be entitled to recover in this case without amending his petition to conform to the proof. *Buffington v. R. R. Co.*, 64 Mo. 246, and cases cited. In this case there is not a mere variance between the allegations and proof, but an entire failure of proof. *Beck v. Ferrara*, 19 Mo. 30; *Waldhier v. R. R. Co.*, 71 Mo. 514. So far from defendant's act being an assertion of title it was a disclaimer of any sort of right or title, and amounted to nothing more than a delivery of the wheat to the party in whose care it was consigned. If Shirmer converted the property defendant is not chargeable with his tort. This was no conversion. 2 Hilliard, Torts, 40, § 8; *Rogers v. Huie*, 2 Cal. 571; Bigelow, Lead. Cas., Torts, 428, *et seq.; Simmons v. Lillystone*, 8 Ex. 431; *Fouldes v. Willoughby*, 8 Mees & W. 540; *Sparks v. Purdy*, 11 Mo. 226; *Niemetz v. St. Louis Ag. & M. Ass'n*, 5 Mo. App. 63. A right of action for the conversion of personal property is not assignable in this state. Rev. Stat., sect. 3462; *Wallen v. I. M. R. R. Co.*, 74 Mo. 521; see, also, *Sandeen v. R. R. Co.*, 79 Mo. 282.

F. M. Estes, for the respondent : There was a conversion. *Koch v. Branch*, 44 Mo. 542; *Williams v. Wall*, 60 Mo. 318; *Ireland v. Horseman*, 65 Mo. 511.

The bill of lading was assignable. *Shultz v. Christman*, 6 Mo. App. 339 ; *Watson v. Hoosac T. Co.* (No. 2597),—Mo. App.; *Peck v. Ritchey*, 66 Mo. 115 ; *Barnes v. McMullins*, 78 Mo. 274.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff is holder, through successive transfers, of a sight draft for three hundred and forty dollars, drawn by L. E. Whybark on the defendant, who was doing a commission business under the style of W. W. Carruthers & Co., together with a bill of lading for a car load of wheat shipped by Whybark from Gunn City, over the Missouri Pacific Railway, and consigned to the defendant at St. Louis, care of Shirmer & Co. The wheat was received at the Central Elevator in St. Louis, where the customary railway manifest was handed over, drawn in the name of the defendant, with no mention of Shirmer & Co., and an elevator receipt was made out in the same way. This receipt was brought to the defendant for indorsement to Shirmer & Co., and he so indorsed and returned it, having previously refused to accept the draft, which was thereupon protested for non-acceptance. Shirmer & Co. sold the wheat and paid the proceeds to one McCabe who, in the defendant's name, had contracted with Whybark for the shipment of the wheat. The petition charges the defendant with having sold the property and converted the proceeds to his own use, in derogation of the plaintiff's rights. The verdict and judgment were for the plaintiff.

The first petition and an amended petition were successfully demurred to, and the court gave the plaintiff leave to file a second amended petition within ten days. When this was filed, in accordance with the leave, the defendant moved to strike it out, because not filed *instanter*, as required by Revised Statutes, section 3539. The motion was overruled.

The case thus presented stands on a different footing from *Beardslee v. Morgner* (73 Mo. 22). There, a third amended petition had been filed, and the statute was

peremptory that no additional petition should be admitted on any terms. Here, the law allowed a second amended petition, with a limitation only as to the time of filing. The court appears to have treated the statute as directory only, and not mandatory. But whether this be a correct view of the statute or not, the defendant is in no position to make the objection here. It does not appear from the record that he saved any exception to the granting of the leave, or to the filing of the amended petition, at the time. His first exception was taken to the refusal to strike out on his motion. Then, instead of standing on that exception, he put in an answer, and went into trial on the issues thus raised. Having thus stood by while the pleadings were being framed upon the court's order and then raised an issue for trial upon them, he can not be heard in an appellate court to say that the same pleadings should be treated as nullities. There is no ground for a reversal on this point.

It is objected that the petition fails to state a cause of action, in that it does not allege any connection between the draft and the wheat shipped. The petition avers "that on the day said Whybark billed and shipped said car load of wheat, as aforesaid, defendant was a commission merchant doing business in the city of St. Louis; * * * that on said above mentioned day said Whybark drew a sight draft, herewith filed, * * * the value of said car load of wheat shipped as aforesaid; that said Bank of Holden paid the amount of said draft to said Whybark; * * * that immediately said Bank of Holden forwarded said draft, with said bill of lading attached, to the city of St. Louis, and that said draft was presented to said defendant, and he refused to accept or pay the same," etc. These allegations are, perhaps, not as explicit as they might have been made, but it is impossible to read them without inferring the needed connections from the context. The jury were instructed that, in order to a verdict for the plaintiff, they must find all those necessary connections satis-

factorily proved. The defect, therefore, if it be one, is cured by the verdict. Rev. Stat., sect. 3582.

The defendant insists that there were no proofs sustaining the allegation that he had sold the wheat and converted the proceeds. The elevator receipt made out in the name of the defendant represented the wheat itself, and his indorsement and delivery of it to Shirmer & Company was a transfer of the property. When the transferees sold it and paid the proceeds to McCabe, this was a conversion for which the defendant was directly responsible, since, without his transfer, it could not have been made. He already had notice of the true ownership of the wheat or its proceeds, when the draft was presented for his acceptance. The bill of lading, the manifest, and the elevator receipt gave him a fiduciary dominion over the property for the benefit of the holder of the draft with its collaterals. His indorsement of the receipt was equivalent to an acceptance of the trust, and was an exercise of that dominion for whose consequences he thus assumed the responsibility. In view of these facts, the objection that the manifest and receipt were made out in the defendant's name without his knowledge has no force.

We are urged to consider that the defendant's indorsement and delivery of the elevator receipt were intended only as a disclaimer of any interest in the shipment; were for the purpose of getting rid of any possible connection therewith, and not done to deprive the owner of any right. Were this a criminal prosecution, we might well give great weight to such considerations. But in the law of nearly all civil transactions, intention is of no materiality, when compared with the natural and necessary effects and consequences of the act done. If a man deliberately executes and delivers a deed of conveyance for valuable consideration, he can not afterwards defeat it on the ground that he meant only a complimentary courtesy, and did not intend to part with his title. The law holds the present defendant to the legal and inevitable consequences of his act, whatever may

572        19 MISSOURI APPEAL REPORTS.

have been his private intentions, not shared in by the party whose interests it directly and necessarily affected.

We are also reminded that the indorsement to Shirmer & Company only consummated the original purpose of the shipper, and that it was by a mere clerical mistake that the name of that firm was omitted from the manifest and receipt. But the defendant was not bound to the purposes of the original shipper. He was required to consider the rights of the holder of the draft and the bill of lading. If the manifest and receipt had been properly made out, with the names of both Shirmer & Company and the defendant, and they had agreed together to sell the wheat and pay the proceeds to McCabe, who was not entitled to them, it could hardly be doubted that each of those consignees would be responsible to the true owner for the conversion. And it is difficult to perceive how the case is changed by the fact that when, by reason of the clerical mistake, Shirmer & Company were unable to commit the wrong, the defendant carefully enabled them so to do, by transferring to them the elevator receipt.

A good deal is said in the defendant's behalf about the non-assignability of an action of trover, by reason whereof the present plaintiff has no standing in court. The argument fallaciously confounds the form of action with the nature of the wrong complained of. There is no action of trover in Missouri. Civil action is the remedy for every civil wrong. The assignability or non-assignability of a right of action depends upon no form of action, but upon the character of the wrong for which redress is sought. If, as in *Sandeen v. Railroad* (79 Mo. 278), the plaintiff's property be wrongfully taken without his consent, so that no element of contract enters into the transaction, the right of action is not assignable. But if, as in the present case, there appears a feature of violated agreement, express or implied, as between consignor and consignee, or otherwise, the right of action is assignable under our statute. *Shultz v. Christman*, 6 Mo. App. 339; *Watson v. Hoosac Tunnel Co.*, 14 Mo. App. 585.

We think that all the issues were properly submitted to the jury, and that no error appears in the record. The judgment is affirmed. Rombauer J., concurs.

THOMPSON, J., dissenting.

I agree to all that has been decided in the foregoing opinion except that Carruthers was guilty of a conversion.. I have not been able to bring my mind to the conclusion that Carruthers, after seeing the bill of lading and seeing therefrom that the wheat had been shipped in the care of Shirmer & Company, did wrong in turning the wheat over to them.