ABERT S. JOHNSON ET AL. *v.* GULF & CHICAGO RAILROAD CO.

1. CARRIERS. *Railroads. Freight. Mistaken delivery. Suit.*

> Where a carrier by mistake delivered freight to a person not entitled to receive the same, it may sue such person in trover for the property, or waive the tort and sue for the value of the goods, without an assignment to it from the owner.

2. SAME. *Partnership. Assignment by one partner.*

> Where property belonging to a partnership is mistakenly delivered by a carrier to a stranger, and the carrier pays the partnership therefor, receiving an assignment from only one of the partners of his interest therein, it may sue the stranger for the value of the goods, notwithstanding the failure of the other partners to join in the assignment.

FROM the circuit court of Tippah county.

HON. PERRIN H. LOWREY, Judge.

The railroad company, appellee, was plaintiff in the court below; Johnson and others, doing business under the copartnership name of Johnson, Nesbitt & Co., were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court.

Appellants were cotton buyers in Birmingham, Ala., and in the fall of 1897 had an agent at Pontotoc, Miss., buying cotton. J. W. Taylor & Co., of Corinth, Miss., had bought some cotton at Pontotoc, on the line of appellee's railroad, and in November, 1897, twenty-six bales of their cotton were delivered to the appellee railroad company, but by some mistake this cotton was shipped to appellants, Johnson, Nesbitt & Co., via the Southern Railway Company, to Decatur, Ala., to be compressed, and was delivered to the Decatur Compress Company. The compress company afterwards shipped the cotton for account and

by the direction of appellants, Johnson, Nesbitt & Co., to some one of their customers who had purchased cotton from them. In January, 1900, the appellee railroad company paid Taylor and Co. for the twenty-six bales of cotton and Taylor assigned his interest in the claim to the appellee railroad company.

*D. W. Speake, G. L. Jones* and *S. R. Knox,* for appellants.

No right of action against Johnson, Nesbitt & Co. has been assigned by J. W. Taylor to the G. & C. R. R. Co. Only the cotton, or Taylor's interest in the cotton, had been assigned. The G. & C. R. R. Co., the assignee, had no right to sue for the conversion of the cotton, especially in its own name.

If the cotton had been converted to the use of Johnson, Nesbitt & Co., this conversion was made long before the assignment by J. W. Taylor to the G. & C. R. R. Co. There was no transfer of a right to the assignee to sue Johnson, Nesbitt & Co., or any third person.

The principle laid down in the case of *Gabbert* v. *Wallace,* 66 Miss., 618 and 624, is conclusive as to this position.

*J. W. T. Falkner,* for appellee.

Wrongdoers having converted property into money, the trespass or trover may be waived and assumpsit brought. *O'Conley* v. *City of Natchez,* 40 Am. Dec., 87; 1 Am. & Eng. Enc. Law (1st ed.), 888, sec. 11, 1 Smed. & M. (Miss.), 31; *Stormes* v. *Dillingham,* 54 Am. Dec., 88, 38 Am. Dec., 278.

Assumpsit will'lie for money had and received, whenever one has money of another which he has no right to retain, but which *exacquo et bona* he should pay over to that other. This action had been greatly enlarged and now embraces all cases in which in justice and honesty plaintiff has equity and good conscience on his side, and defendant is bound by ties of natural justice and equity to refund the money. *Glasscock* v. *Lyon,* 83 Am. Dec., 299; *Lawson* v. *Lawshee,* 80 Am. Dec., 702.

The plaintiff has the right, therefore, in support of his contention to resort to and prove all equitable circumstances incident to his case.

Argued orally by *G. M. Jones,* for appellants.

CALHOON, J., delivered the opinion of the court.

If the appellee could have sued in his own name in trover under 26 Am. & Eng. Enc. Law (1st ed.), p. 755, and note to *Harker* v. *Dement,* 52 Am. Dec., 678, 679, it could waive the tort and sue for value, and averment and proof of the assignment by Taylor were unnecessary. But we think the evidence shows such assignment by Taylor of his interest as carried his right to sue, even if such right did not exist before. The case of *Gabbert* v. *Wallace,* 66 Miss., 618, 5 South., 394, is not similar to this. The case before us is not the case of assignment of debt secured by trust deed. We think the damages sufficiently shown.

*Affirmed.*