No. 9582.

STRAUSS ET AL. v. AUSTGEN.

1. CHATTEL MORTGAGE—*Description of Chattels.* It is for the jury to determine whether the goods claimed under a chattel mortgage are in fact the goods described therein, and whether the description set down in the mortgage is sufficient to enable a third person to identify them. Plaintiff in an action of replevin demanded a camera, under a chattel mortgage executed by one Griebel. It was part of the only movie camera Griebel ever owned. The mortgage described the parties as "of the City and County of Denver."

Verdict for plaintiff and judgment accordingly.

Supersedeas denied and judgment affirmed.

The action being replevin, and the judgment for money only, the court below was directed to amend the judgment to conform to the statute.

*Error to Denver County Court, Hon. George W. Dunn, Judge.*

*Supersedeas Denied, Judgment Modified and Affirmed.*

*Department One.*

Messrs. HINDRY, FRIEDMAN & BREWSTER, for plaintiffs in error.

Mr. R. H. GILMORE, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error had judgment in a replevin action brought by him to recover from the plaintiffs in error one movie camera and a tripod, upon which he had a chattel mortgage. Plaintiffs in error insist that the judgment is erroneous because the property is not sufficiently described in the mortgage, and that its *locus* is not given, and hence there is nothing to aid the description.

The property in question was a part of the photographic outfit mortgaged by one Griebel to defendant in error on the 8th day of March, 1918. The parties to the mortgage are described as "of the City and County of Denver," and, after the description of the individual articles mortgaged there is added: "And all miscellaneous equipment pertaining to the above photographic equipment." The mortgage contains the usual covenant that the property mentioned was, at the date of the instrument, lawfully possessed by the mortgagor as his own property. It contains a further covenant that the mortgagor until default "may keep, retain and use the said property," etc. The mortgage was given to secure a note of $700.

On May 17th Griebel delievered the camera and tripod to the plaintiffs in error to secure a note of $150.

Plaintiffs in error claim that the description in the first mortgage is insufficient as against a third party without actual notice.

The property mortgaged was in a photographic studio on Lawrence Street, in this city, when the Strauss loan was made. The camera in controversy was identified as the one in the studio at the time the mortgage was made and invoice taken.

It appears that Griebel had only the one, movie camera.

The court instructed the jury, among other things, as follows:

"If you find that the defendants had no knowledge or information concerning the said mortgage except the constructive notice imputed to them by the record of the said mortgage, then you will inquire and determine from the evidence whether the description of the said mortgage, aided by inquiries which the mortgage itself indicates, was sufficient to enable the defendants to identify the said movie camera as one of the articles described in said chattel mortgage, and if you find that on such inquiry a reasonably intelligent person would have discovered that said movie camera was included in said description, then you will find for the plaintiff."

Under this instruction the jury found for the plaintiff.

In *Sigel-Campion Co. v. Holly,* 44 Colo. 580, 101 Pac. 68, in a suit involving a chattel mortgage on cattle, it was held that it was for the jury to determine whether the cattle in controversy were the cattle described in the mortgage, "and whether, under the facts elicited at the trial, the description in the mortgage is, in fact, sufficient to enable third persons dealing with the owner of the cattle to identify them."

The foregoing instruction is in substantially the language of the said decision, and the finding of the jury, being supported by the evidence, is conclusive upon the question of identity of the property mortgaged and that pledged.

The mortgagor having but one movie camera, the case does not fall within the rule laid down in the cases cited in behalf of plaintiff in error where only a part of the mortgagor's live stock was included in the mortgage.

Another objection to the judgment is that it is for money only, with no provision for a return of the property, as the code prescribes. No objection to the form of the judgment was made, and it appears that the omission of the alternative provision was due to inadvertence. Its correction does not require a reversal of the judgment.

There being no substantial error in the record, the supersedeas is denied and the cause remanded to the County Court, with directions to correct the judgment as above indicated, which judgment, when so amended, shall stand affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.

### On Petition for Rehearing.

The opinion in this case does not, as counsel assume, hold that it is within the province of a jury to construe a chattel mortgage. The objection now made that the mortgage was not admissible in evidence because the movie camera was not sufficiently described was not made in the trial court.

That court, without objection by the defendant, instructed the jury as to the law which should govern in determining the issue tried. We held that the instruction was correct, and that the verdict under it was sustained by the evidence.

Rehearing denied.

Decided June 2, A. D. 1919. Rehearing denied October 6, A. D. 1919.