## No. 9735.

*Zinn et al. v. Denver Livestock Commission Company.*

1. TORT—*Waiver of.* Except as to those which are purely personal a tort may be waived, and an action brought in assumpsit.

2. ASSIGNMENTS—*What May Be Assigned.* A right of action for the conversion of personalty; or a claim for damages to property.

3. CHATTEL MORTGAGE—*Description.* A mortgage with an insufficient description is aided by an agreement of the parties as to what is included.

4. ——*Parol Evidence as to Description.* The mortgagee may show that the chattels which he claims are those intended to be included in the mortgage, though they are not properly described.

5. ——*Notice of Mortgage.* One dealing for personal goods with notice of a mortgage thereon is bound by the mortgage, regardless of any defects in the description.

6. ——*Assumption of Possession by Mortgagee,* cures all minor defects, e. g., insufficiency of description.

*Error to Denver District Court, Hon. Henry J. Hersey, Judge.*

*Department One.*

Mr. PHILIP HORNBEIN, for plaintiff in error.

MESSRS. PONSFORD, CARNINE & KAVANAUGH, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFFS in error brought suit against the defendant in error to recover a balance upon certain promissory notes made by one Willmott, to the order of The Drovers Cattle Loan Company, and secured by a chattel mortgage upon 244 head of cattle in Weld County, Colorado, in which county the mortgage was duly recorded. The said notes and mortgage had been transferred to and were owned by the plaintiffs in error at the time the suit was brought.

The answer contained a general denial, and a special defense not urged at the trial. The case was tried to a jury, and the court directed a verdict for the defendant, which was accordingly returned. From a judgment on such verdict, plaintiffs below bring error.

Defendant in error raises a question as to the right of the plaintiffs in error, assignees of the note and chattel mortgage, to recover for a conversion which occurred before the assignment. This is a matter which should be determined at the outset. It does not appear that this question was raised during the trial. The point was made, however, in a motion for a directed verdict, that the evidence did not show that the cause of action sued upon had been assigned. The point now made by defendant in error is that it could not be assigned. In support of their contention counsel cite *First National Bank v. McCreary*, 66 Ore. 484, 132 Pac. 718; *Bowers v. Bodley*, 4 Ill. App. 279 and *Overton v. Williston*, 31 Pa. St. 155. The last mentioned case holds simply that the right of action in trover for machinery removed could not, at common law, be assigned. The Oregon case cited quotes from Jones on Chattel Mortgages a statement which supports counsel's contention, but the citation to the text is only that of *Bowers x. Bodley, supra*. The case cites also 27 Cyc. 1299, 7 Cyc. 60. The only citation to support these texts is this same case, *Bowers v. Bodley*. The Oregon case entirely overlooks the fact that in the Code states rights are, in general, no longer determined by the form of the action. The Illinois case cited is based, of course, upon the common

law which prevails in that state. The general rule is that, except as to purely personal torts, the tort may be waived and suit be brought in assumpsit. In *Shultz v. Christman*, 6 Mo. App. 338, the court said: "If the right is essentially one of property, as distinguished, for example, from a personal tort, the fact that case or trover may lie to secure the right does not prove that it is not assignable under the statute." In *Hamlin v. Carruthers*, 19 Mo. App. 567, the court said: "Civil action is the remedy for every civil wrong. * * * If, * * * the plaintiff's property be wrongfully taken without his consent, so that no element of contract enters into the transaction, the right of action is not assignable. But if, as in the present case, there appears a feature of violated agreement, express or implied, as between consignor and consignee, or otherwise, the right of action is assignable under our statute." In *McKeage v. Insurance Co.*, 81 N. Y. 38, 37 Am. Rep. 471, it is held that an assignment of right to property converted, after the conversion, gives assignee a right of action. The earlier cases of *Sherman v. Elder*, 24 N. Y. 381, *Waldron v. Willard*, 17 N. Y. 466, are to the same effect. See also *Johnson v. Railroad Co.*, 82 Miss. 452, 34 So. 357. The rule is the same in this state. In *Home Insurance Company v. Railroad Company*, 19 Colo. 49, 34 Pac. 282, it was held that a claim for damages to property might, under our statute, be assigned, so as to vest in the assignee a right of action in his own name; and that "the general rule is that assignability and descendability go hand in hand." That case is followed in *Mumford v. Wright*, 12 Colo. App. 214.

While the complaint alleges a conversion, it falls far short of a pleading in an action of trover. Complaint is made that the defendants sold the cattle and "did not pay over the proceeds thereof to the mortgagee in payment of the indebtedness secured by the mortgage." The prayer of the complaint is for judgment for the sum due on the notes. The plaintiffs in error had an undoubted right of action as assignees of the note and mortgage.

Turning now to a consideration of the case on its merits, it appears that the chattel mortgage, after mentioning the number of cattle of the different ages and sexes, stated the brands thereof. There were three brands, a "lazy S," "M W" and a "slash W." In the mortgage the figure "98" was placed above the "lazy S" and "74" above the "M W," those being the number of cattle bearing respectively those brands. The defense was that the cattle sold were not the cattle described in the mortgage, inasmuch as there were no cattle branded "98" with an "S" beneath it, nor "74" with an "M W" beneath it. Part of the proceeds of the sale, about $4,900, was turned over to The Drovers Cattle Loan Company, and the balance was retained by the defendant and applied in liquidation of an indebtedness due it from the mortgagor. It appears from the evidence that when the cattle were in the yards to be sold, an officer of The Drovers Cattle Loan Company informed the secretary of the defendant in error that the former company had a mortgage upon said cattle. The plaintiffs in error now contend that, inasmuch as a chattel mortgage is filed for the purpose of giving constructive notice, and the defendant in error had actual notice, the sufficiency of the description in the chattel mortgage need not be considered. Counsel, in reply to this contention, assert that there were, in fact, no cattle mortgaged, hence there could be no notice of a claim to a lien on the cattle sold.

It will not be denied that a mortgage with an insufficient description of the property attempted to be described, is good as between mortgagor and mortgagee; they having agreed as to what should be covered by it. Counsel for defendant, by their objections, prevented a trial of the question as to what was intended by the parties to be included in the mortgage. They appear to overlook the fact that the question of there being a mortgage at all is quite distinct from the question of how far, if there be one, it was effective in giving notice of the mortgagee's lien. In *Beaman v. Bank,* 35 Colo. 573, 85 Pac. 426, it was contended that the creditors of the mortgagor of cattle were bound only by the

description in the mortgage, the brands named in the mortgage not corresponding with those upon the cattle sought to be taken in attachment by a creditor of the mortgagor.

This court there said: "The brands would aid in identifying the cattle, but were not the only aids which could be resorted to for that purpose. The testimony, independent of the brands, established that the cattle awarded the plaintiff were the identical cattle included in the mortgages." This case recognizes a right in the mortgagee to show that the cattle claimed by the mortgagee were the cattle intended to be included in his mortgage, though not properly described. It was the right of the plaintiffs below to introduce evidence upon this point and have the matter determined by a jury.

Defendant in error contends that the case of *Sigel-Campion Live Stock Co. v. Holly,* 44 Colo. 580, 101 Pac. 68, is authority in this case; because, counsel say, it was there determined that when it was established that the mortgagor had more cattle bearing the brand mentioned in the mortgage than the number stated in the mortgage, the mortgagee acquired no lien as against a third person. If the rule in that case is to be applied to the facts here, there was another question which should have been submitted to the jury; that is, whether or not Willmott had other cattle bearing the brands which the plaintiff contends were borne by the cattle actually mortgaged. There was evidence by Willmott that he had such other cattle, and upon the part of the plaintiffs that he did not have them. That was a matter which should have been determined by a jury.

If it were found that the cattle sold were the cattle mortgaged, then actual notice of that fact, or the sufficiency of the description to give constructive notice of the fact, became matters for determination. The question of notice to the defendant below was one of fact. If the Cattle Commission Company had notice that the assignor of the plaintiffs had a mortgage upon the cattle in its yards, it would be bound by the mortgage regardless of a defective description of said cattle. Whether or not a description, aided by

such inquiries as the mortgage suggests, is sufficient to identify this property, is a question for the jury.—*Strauss v. Austgen,* 67 Colo. 207, 184 Pac. 299.

Still another question of fact is involved. There is evidence that the cattle were shipped in on the order of the mortgagee, though witnesses speak of the shipment as having been made by the mortgagor. The determination as to who assumed possession on the shipment is important, since if the mortgagee had taken possession, all minor defects, such as insufficiency of description in the mortgage, were cured. *Chapman v. Sargent,* 6 Colo. App. 438, 40 Pac. 849; *Horn v. Reitler,* 12 Colo. 310, 21 Pac. 186.

There being these matters in evidence which were proper for the jury to consider, the court erred in directing a verdict for the defendant. The judgment is accordingly reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.