## No. 10,211.

### CENTRAL SAVINGS BANK & TRUST CO. *v.* HALL.

Decided January 8, 1923.   Rehearing denied March 5, 1923.

Action in replevin.   Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.*

1. PLEADINGS—*Replevin—Complaint.* Complaint in a replevin action reviewed and held to state a cause of action, and not subject to demurrer as being ambiguous and unintelligible.

2. CHATTEL MORTGAGE—*Description—Notice.* When a description in a chattel mortgage is correct as far as it goes, a subsequent purchaser or incumbrancer is bound to make every inquiry which the instrument could be reasonably deemed to suggest.

3. *Sufficiency of Description for Jury.* The sufficiency of the description in a chattel mortgage is a question for the jury.

*Error to the District Court of Weld County, Hon. George H. Bradfield, Judge.*

Mr. S. E. MARSHALL, Mr. H. E. LUTHE, for plaintiff in error.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for defendant *in error*.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error filed its complaint in replevin to obtain possession of certain livestock alleged by it to be covered by a chattel mortgage, made by one Eaton, to secure an indebtedness to the bank, which livestock had been taken on execution by the defendant, the sheriff of Weld county, in favor of one Wilson, a judgment creditor. The court sustained a demurrer to the amended complaint, and dismissed the case.

The question for determination is as to the correctness of that action. The amended complaint alleged an indebtedness by Wilson to the plaintiff, the giving and recording of a chattel mortgage to secure said debt, default in payment, an election by plaintiff to take possession of the mortgaged property, and a levy by defendant on an execution in favor of Wilson. A copy of the mortgage was attached to and made a part of the complaint.

It was further alleged that the horses and mules mentioned in and covered by said mortgage were all the horses and mules owned by the mortgagor, that they were all kept and to be kept on his ranch, the location of which was specifically stated; that, by mistake, a part of said animals were described as bearing a certain brand, which said animals were so branded by said Wilson after the execution of said mortgage and before the said levy on the same; and that Wilson at the time of said levy had actual knowledge of said mortgage, and that said animals were covered and included therein. The description of the property here involved as it appears in the mortgage, is as follows:

"Sixty-five head of work horses and mares, three to ten years old, one black Percheron stallion eight years old, twenty head of work mules, large, average weight about a thousand pounds and from three to eight years old. All

of said horses and mules are branded λ, the registered brand of the first party."

And this follows:

"All of the above stock is now kept, and to be kept during the life of this mortgage on Eagle Rock Ranch, about nine miles west of Hereford, Colorado, * * *. All of the above described property being owned by the first party and being all of the animals of the various kinds hereinabove mentioned, owned by the first party, except only the hogs, etc."

The demurrer attacked the complaint upon two grounds: First, that it did not state facts constituting a cause of action, and second, that it was ambiguous, unintelligible, etc. The order sustaining the demurrer did not state upon which ground it was sustained.

Counsel for defendant in error contend that the description is insufficient and misleading because it includes a statement that the stock was branded with a brand which it did not, in fact bear. We do not think the complaint is open to either of the objections stated. The allegations of the complaint, even without the description in the mortgage, which is made a part of the complaint, are sufficient under the holdings of this court to put creditors or subsequent mortgagees on inquiry. *Strauss v. Austgen,* 67 Colo. 207, 184 Pac. 299.

In *Yant v. Harvey,* 55 Iowa, 421, 423, 7 N. W. 676, the court said:

"When a description in a chattel mortgage is correct as far as it goes, but fails fully to point out and identify the property intended to be conveyed, a subsequent purchaser or incumbrancer is bound to make every inquiry which the instrument itself could reasonably be deemed to suggest. *Smith v. McLean,* 24 Iowa, 322."

This would be true even were it not alleged that the execution creditor had notice of the mortgage. *Zinn v. Denver Live Stock Com. Co.,* 68 Colo. 274, 187 Pac. 1033.

The sufficiency of the description, however, is a question

for the jury, and the complaint is unquestionably good as against the demurrer.

Under our view of the case, we are not called upon to consider the cross errors assigned by the defendant in error.

The judgment is reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.