MICHIGAN CENTRAL RAILROAD COMPANY v. STATE
OF INDIANA ET AL.

[No. 12,568.    Filed January 25, 1927.]

1. CARRIERS.—*Carrier may recover value of goods misdelivered and used.*—A carrier may recover for a consignment of goods which has been delivered to the wrong person by mistake, in an action against the person who received and retained the goods.  p. 559.

2. STATES.—*Carrier delivering carload of coal to state institution by mistake may recover value from state.*—A carrier that, by mistake, delivered a carload of coal to a state institution, where it was consumed, may maintain an action against the state for the value thereof, the obligation of the state to pay for the benefit received constituting a *quasi* contract.  p. 559.

3. INDEMNITY.—*Measure of damages in actions ex delicto not applicable in action against the state for coal delivered to it by mistake.*—In an action by a carrier against the state to be indemnified for the value of coal delivered by mistake to a state institution, and there consumed, the rules governing the measure of damages in actions *ex delicto* are not controlling.  p. 560.

4. CONTRACTS.—*Measure of recovery on quasi contractual obligation stated.*—As a general rule, in an action to enforce a *quasi* contractual obligation, the measure of recovery is the value of the benefit received by the defendant, but there are exceptions to the rule.  p. 560.

5. STATES.—*Actions in tort cannot be maintained against the state.*—Since the state has only authorized actions against it for money demands arising out of contract (§1550 Burns 1926), an action in tort against the state cannot be maintained.  p. 560.

6. INDEMNITY.—*In action by carrier against the state to be indemnified for coal delivered to state by mistake, measure of recovery was state's contract price for coal of like quality.*—In an action by a carrier against the state to be indemnified for coal delivered to a state institution by mistake, the measure of recovery was the price the state then was paying for coal of like quality under its contract resulting from competitive bids as required by statute, and not the market value at the time and place of the misdelivery.  p. 560.

From Marion Superior Court (A 26,283) ; *James M. Leathers,* Presiding Judge.

Action by the Michigan Central Railroad Company against the State of Indiana. From a judgment for the plaintiff in an unsatisfactory amount, the plaintiff appeals. *Affirmed*. By the court in banc.

*Harry B. Tuthill*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward M. White*, Assistant Attorney-General, for appellees.

REMY, J.—On June 10, 1920, and pursuant to §2 of the Appropriation Act of 1919 (Acts 1919 p. 196), the State of Indiana, through its Joint Purchasing Committee, contracted for a year's supply of coal for the Indiana State Prison, a penal institution located at Michigan City, the contract price for the coal being $3.40 per ton, delivered. On October 22, 1920, while the contract was in force, appellant railway company, a carrier of interstate commerce, had in its possession for interstate transportation a carload of coal of the same kind and quality as that contracted for by the state, which coal, by mutual mistake of the carrier and agents of the state, was delivered to the Indiana State Prison and there consumed. This carload of coal at the time and place of its delivery was of the market value of $6.85 per ton. Upon learning of the misdelivery of the coal and its consumption, appellant paid to the consignee of the coal the market value thereof, and demanded of the state that it be reimbursed for the amount so paid. With this demand the state refused to comply. Whereupon appellant commenced this action against the state to recover the market value of the coal. Edward J. Fogarty, Warden of the Indiana State Prison, was joined as a party defendant. In its complaint, appellant specifically waived any action in tort which it may have had. The cause was submitted to the court upon an agreed statement of facts, the substance of which is as above set forth. The court found

against the state, but limited recovery to $3.40 per ton, the price of the year's supply of coal as contracted for by the Joint Purchasing Committee, and judgment was so rendered.

Claiming that the amount of the recovery should have been $6.85 per ton, the market value of the coal, and was therefore too small, the railroad company prosecutes this appeal. The state not having assigned cross-errors, the only question for determination by this court is whether, under the facts stipulated, the measure of recovery is the market value of the coal at the time and place of the misdelivery; or, as held by the trial court, the price at which the Joint Purchasing Committee had purchased the year's supply. A decision of the question will require a consideration of the nature and character of the action.

The facts in this case are unusual, as is the legal proceeding. By reason of a mistake of fact, the state received the coal from the carrier, and before the 1, 2. mistake was discovered, the coal had been consumed. Recognizing its liability for the conversion of the coal, the carrier paid to the consignee the market value thereof, and by this action seeks indemnity from the state. That a carrier may recover for a consignment of goods delivered to the wrong person by mistake, in an action against the person who received and retained the goods, is not questioned by appellees, nor can it be (Hudson River, etc., R. Co. v. Lounsberry [1857], 25 Barb. [N. Y.] 597; Johnson v. Gulf, etc., R. Co. [1903], 82 Miss. 452, 34 So. 357; Brown v. Hogson [1811], 4 Taunt. [Eng.] 188; Coles v. Bulman [1848], 6 C. B. [Eng.] 184; Hutchinson, Carriers [3d ed.] §863); nor do appellees question the right of appellant to sue the state in an action of this character. That such an action against the state may be maintained, see, State v. Mutual Life Ins. Co. (1910), 175 Ind. 59, 74,

93 N. E. 213, 42 L. R. A. (N. S.) 256. The state's obligation which forms the basis of this action is what is termed *quasi* contractual. Though frequently referred to by the courts as equitable in character, it is a legal obligation on the part of the obligor to make restitution in value, that is, to pay the equivalent of the benefit received and unjustly enjoyed. Woodward, Law of Quasi Contracts, §3; Quasi-Contractual Obligations, 21 Yale Law J. 533; *Grossbier* v. *Chicago, etc., R. Co.* (1921), 173 Wis. 503, 181 N. W. 746.

The legal obligation of the state in this action is to pay to appellant a sum equal to the benefit to the state which resulted from the misdelivery. The benefit is not fixed by any agreement, for there had been no agreement by the state as to this carload of coal; and since this is not an action in tort, the rules governing the measure of damages in actions *ex delicto* are not controlling. In actions to enforce *quasi*-contractual obligations, the general rule is that the measure of recovery is the value of the benefit received by the defendant (*Bowen* v. *Detroit Union Railway* [1920], 212 Mich. 432, 180 N. W. 495; *Moore* v. *Richardson* [1902], 68 N. J. Law 305, 53 Atl. 1032) ; but it cannot be said that to this rule there are no exceptions. If, for example, the carrier has settled with the owner of a consignment of goods which had been misdelivered, the settlement being for a sum less than the market value, it would not be contended that the carrier could recover the market value in an action against the person who had received the goods. It is unnecessary, however, to discuss the exceptions to the general rule.

*Quasi*-contractual obligations usually arise between the parties to illegal or unenforceable contracts. This action is between the parties whose mutual mistake resulted in the conversion of the coal. One of the parties to the conversion, having made

restitution to the owner of the property converted, is seeking indemnity from the other. See Keener, Quasi-Contracts 396; Woodward, Law of Quasi-Contracts §259. Furthermore, the defendant in the action is the State of Indiana against which an action in tort could not have been maintained. Acts 1889 p. 265, §1550 Burns 1926. The obligation forming the basis of the action is essentially an obligation to restore a benefit received by the defendant, and not to compensate the plaintiff for damages sustained. The obligation rests upon the principle that the defendant—the state in this case—cannot be allowed, in equity and good conscience, to keep what it has obtained. But affirmatively, the state must restore what in good conscience it cannot retain. The state having contracted, in the way provided by the statute, for a year's supply of coal for its penal institution, at the price of $3.40 per ton, the state's representatives could not, by their mistake in receiving from a common carrier coal of a like quality, but which had been sold and consigned to another, obligate the state to pay the carrier for the coal a price in excess of the state's contract price, the carrier having been a party to the mistake. It would be contrary to sound public policy to require the state to pay more for coal delivered and received by mistake than it would be required to pay under a contract resulting from competitive bids. We hold that the measure of recovery is the state's contract price, and not the market value of the coal at the time and place of the misdelivery.

Affirmed.