## MOCK v. KELLY.

1. To constitute a conditional contract with a physician, that if he did not cure the patient, he was to receive no compensation, it is not necessary that a specific price should be agreed on. A contract, that if he cured, he should be entitled to a reasonable compensation, is valid, and will be enforced.

2. One not a physician, can not be called on as a witness, to express his opinion of the value of medical services rendered to a sick person. Nor will it make any difference, that a competent witness had previously, in his hearing, expressed his opinion of the value of the services rendered.

Error to the County Court of Lowndes.

ASSUMPSIT in the Court below, by the defendant, against the plaintiff in error, to recover the value of medical services.

On the trial, a witness proved that he heard the plaintiff say to defendant, that he believed he could cure defendant's negro ; whereupon defendant replied, that if he would cure her, he would give plaintiff a reasonable compensation ; and plaintiff then said, in order to cure her, he must have her at Hayneville, whither she was sent, and died soon after her return, of dropsey, the same disease, apparently, which she had when she went into plaintiff's possession. The defendant's counsel then moved the Court to charge the jury, that if the contract between the plaintiff and defendant was, that if the negro was cured by the plaintiff, that then the defendant was to give him a reasonable compensation ; that he was entitled to nothing without curing the negro.

The Court refused to give this charge, and charged the jury, that to make a special contract, a specified price must be agreed on, and that if they were of opinion, from the testimony that a special contract had been made, and that the defendant was to pay nothing unless his negro was cured, but was to pay a specific price if she was cured—and she was not cured ; the law was with the defendant, if the reverse, with the plaintiff ; and it was their duty to say how much he was entitled to, if any thing.

The plaintiff introduced a witness, who was not a physician, to prove the reasonableness of the charges, who knew nothing

of the facts, except what he had understood from a previous witness, a Thompsonian physician, who never practised out of his own family, and did not know the facts of the case, having previously proved the charges reasonable.

To the charge so given and refused, and to the introduction of the witness as above, the defendant's counsel excepted, and now assigns the same here for error.

BOLLING, for plaintiff in error.
COOK, contra.

ORMOND, J.—The charge of the Court below, is founded on the supposition, that a contract cannot be made with a physician, to pay him a reasonable price, if he .cures a disease of which the patient is laboring, and nothing, if he fails; but that to constitute such a contract, a specific price must be agreed on.   It is true, such contracts are rarely made, without a specific price being agreed on, and that higher than the ordinary rate of charging in such cases—the physician being in such a case, an insurer—but it is impossible to doubt that such a contract may be made, and that both parties would be bound by it.   The inducement on the part of the physician to make such a contract, might be his desire to obtain employment, which he could not otherwise get, or it might proceed from his confidence in his ability to cure the case.   But, be the inducement or motive what it might, if he makes such a contract, he is bound by it.

The Court also erred, in permitting the witness, who was not a physician, to prove the value of the services rendered. The exception to the rule, that facts only can be given in evidence, exists alone in those cases where the fact to be ascertained is not referable to any certain data, but must, of necessity, rest in opinion merely.   The value of the medical services rendered in this case, comes within the exception; and to ascertain it, resort must be had to those who, from their skill in such matters, are qualified to decide.   But the witness in this case, does not appear to have had the necessary qualification to entitle his opinions to any weight; and, therefore, being of no value as evidence, should not have been received.

It is stated in the record, that a *Thompsonian* physician,

who never practiced out of his own family, but who did not, of his own knowledge, know the facts of the case, had previously to this witness, proved the reasonableness of the charge. As this witness was not excepted to, we express no opinion upon his competency. Supposing him to be competent, it would not remove the objection to the admission of this witness; it is impossible to say on which testimony the verdict was found.

Let the judgment be reversed, and the cause remanded.