## No. 10,658.

### SOWARDS, ET AL. *v.* JONES.

Decided February 4, 1924. Rehearing Denied March 3, 1924.

Action in replevin. Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*General Findings.* On review, it is presumed that the trial court found a particular issue against the defendant—there being no express finding on the point—since the judgment was for plaintiff.

2. CHATTEL MORTGAGES—*Description.* The description of a motor truck in a chattel mortgage by "make" and engine number, held to afford complete and absolute identification, and sufficient for constructive notice of a mortgage lien on the property.

3. *Conditional Consent of Mortgagee to Sell.* When a mortgagee's consent to a sale of mortgaged property by the mortgagor is given on condition, the condition must be performed in order to render the consent a waiver of the mortgage lien.

4. *Consent of Mortgagee to Sale.* Record reviewed and held not to show any general authority from the mortgagee to mortgagor to sell mortgaged property.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. J. H. THOMAS, for plaintiffs in error.

Mr. JAMES D. PILCHER, Mr. CHARLES H. WOODARD, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JONES brought replevin against the Sowards for two automobile trucks; trial to the court and judgment for the plaintiff. The defendants bring error.

Kelly and Jordan mortgaged the trucks in question, with others, to Jones, describing them as "one ton Ford truck Engine No. 2,833,626; one ton Ford truck Engine No. 2,625,165 * * * located in the County of Conejos and State of Colorado," with a provision that they should not be taken thence except by written order from Jones; they then sold the trucks to defendants.

The defendants claimed: (1) That the description was insufficient for constructive notice; (2) that they had no actual notice; and (3) that plaintiff consented to the sale of the trucks. The court found against them expressly on the first two of these points and must be held to have found against them on the third, since the judgment was for plaintiff.

We think the description was sufficient because the "make" and engine number afford complete and absolute identification, which is all and more than is necessary. *Street v. Sederberg,* 41 Colo. 128, 92 Pac. 29, and *Strauss v. Austgen,* 67 Colo. 207, 184 Pac. 299, do not support plaintiff in error on this point. It follows that defendants had constructive notice and consequently the question of actual notice is immaterial.

As to consent: The brief of plaintiff in error proceeds upon the theory that the evidence shows a general authority, permission or privilege, as in *Pratt v. Maynard,* 116 Mass. 388, given by the mortgagee to the mortgagors to sell the trucks in question upon the condition that the cash be paid to him or that new security be given on any consideration received in trade, and he claims, rightly, we may concede, that upon such consent the mortgage is released even though the purchaser bought without notice of the permission, and that any conditions placed on such consent

were without force, unless the purchaser had notice of them, which he had not.

There is, however, no evidence of any such consent. The only evidence on the subject is of a transaction with the witness Martin and a conversation with the witness Haynie previous to the sale to the defendants, wherein it is claimed that Jones consented to a sale of the trucks by the mortgagors, but, because they bought before they knew anything of them, these matters were insufficient to show anything conclusive in favor of defendants' general authority. *Ilfeld v. Ziegler,* 40 Colo. 401, 408, 409, 91 Pac. 825. It is claimed that Jones himself admitted that he gave such an authority, but it is a fair conclusion from the record that he was then speaking of the conversations with Haynie and Sowards, and not of any general permission given to the mortgagors. It cannot be said, therefore, that the evidence required the court to find that there was a general authority.

It is also claimed that there was a specific consent to the sale in question, and indeed, there was, but it was conditional and so expressed to defendant L. A. Sowards himself, to whom it was given, and the conditions were not fulfilled. 11 C. J. 625.

It is claimed that at the time this consent was given Jones told Sowards to "have the boys come up and fix it with me," and that this constitutes a consent to or ratification of the particular sale; but these words may well have meant that unless they did come up and fix it he would not release his mortgage. His own testimony, which we must take as true, indicates that that is what he meant and we must suppose the court so found; we cannot say, then, that the court erred on this point.

These conclusions make it unnecessary to notice other points in the briefs.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.