# MARTIN *v.* DUNCAN AUTOMOBILE CO. (STUART, INTERVENER)

2737

January 5, 1927.                                    252 Pac. 322.

## ON ORDER APPOINTING RECEIVER

1. APPEAL AND ERROR—MORTGAGOR AND PURCHASER INTERESTED PARTIES IN RECEIVERSHIP PROCEEDINGS.

   Mortgagor of automobile and one to whom he sold it *held* to have sufficient interest in subject matter to appeal from order in foreclosure suit appointing receiver pendente lite, who was directed to take possession of mortgaged cars.

2. CHATTEL MORTGAGES—CONSENT TO SALE WAIVES LIEN.

   Where mortgagee under chattel mortgage expressly or impliedly consents to sale of mortgaged property by mortgagor, he waives lien, and purchaser takes title free from it; regardless of whether he knew of existence of mortgage, and notwithstanding want of knowledge, when he made purchase, that such consent had been given.

3. CHATTEL MORTGAGES—GENERAL AUTHORITY TO SELL INCLUDES PARTICULAR SALES.

   As affecting superiority of chattel mortgagee's lien, want of knowledge by mortgagee that sale of mortgaged property had been made is immaterial, where he gave mortgagor general authority to sell.

4. CHATTEL MORTGAGES—LIMITATIONS VOID IN ABSENCE OF NOTICE.

   Any conditions placed on authority to chattel mortgagor to sell mortgaged property, or on consent to such sale, are without force, unless purchaser had notice of them.

5. CHATTEL MORTGAGES—WHEN POSSESSION BY RECEIVER IS NOT JUSTIFIED.

   In suit to foreclose chattel mortgage on automobile, appointment of receiver to take possession of car *held* not justified as to purchaser from mortgagor, without actual notice of mortgagee, where there was evidence that mortgagee knew of and impliedly consented to sale and delivery without payment of mortgage.

6. CHATTEL MORTGAGES—WHEN POSSESSION BY RECEIVER IS JUSTIFIED.

   In suit to foreclose chattel mortgage on automobile, appointment of receiver to take possession of automobiles *held* justified as to mortgagor.

7. CHATTEL MORTGAGES—SALE IN USUAL COURSE.

   Chattel mortgages on automobiles being good as between parties, mortgagor was not in position in foreclosure suit to claim they were void as against bona fide purchaser for value without notice, because automobiles were allowed to be sold in usual course of trade.

C. J.–CYC. REFERENCES

Appeal and Error—3 C. J. sec. 506, p. 643, n. 68.
Chattel Mortgages—11 C. J. sec. 269, p. 577, n. 91; sec. 339, p. 624, n. 35; p. 625, n. 36, 37, 39, 47; sec. 550, p. 727, n. 62, 72 (new).

Appeal from Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

Action by Eli L. Martin, sometimes known as E. L. Martin, against the Duncan Automobile Company, in which Charles G. Stuart intervened. From an order appointing a receiver pendente lite, defendant and intervener appeal. **Reversed as to intervener, and case remanded.**

*Cooke & Stoddard* and *L. F. Pike*, for Appellants:

No chattel mortgage, valid as against purchasers, can be made upon personal property other than live stock, where mortgagor remains in possession with express or implied right of sale. Stats. 1923, p. 153; Boice v. Finance & G. Co., 102 SE. 591.

Where power to sell is given and no provision is made for application of proceeds to debt, mortgage is void per se. Lutz v. Kinney, 24 Nev. 38.

Stipulation which will invalidate mortgage if included in it will have same effect if otherwise agreed to. 11 C. J. 572.

Permitting goods to be handled in usual course of trade destroys any claim against purchaser as effectively as if included in mortgage, regardless of their bulk, value or possibility of identification. Gramm v. Todd, 209 P. 3; Boice case, supra.

Plaintiff knew Duncan Company's only purpose was to sell cars in usual course. Mortgage lien was therefore waived. State Bank v. Plow Co., 212 P. 148; Boice case, supra.

Purchasers were necessary and indispensable parties in application for receiver to take cars away from them. Notice was necessary. Recordation is of no avail except as to "persons of the county." Recordation with secretary of state is not declared to be notice to any one, hence it did not impart notice. 11 C. J. 538.

Parties must be brought in when complete determination cannot be had without them. Rev. Laws, 5008; Fapp v. McQuillan, 38 Nev. 117.

Hardin v. State Bank, 205 P. 382, giving mortgagee right to claim automobile in hands of purchaser from dealer in usual course of trade on ground that stock of automobiles is not "shifting merchandise," is based on unsound reasoning, is conductive to demoralization of trade, and is opposed by Boice case, supra; Rogers v. Whitney, 99 A. 419; Bryan v. Johnson, 61 NW. 920; and Auto Co. v. St. Geramine, 121 Atl. 398.

*W. M. Kearney* and *M. E. Jepson,* for Respondent:

Whether mortgagee has authorized sale or is estopped to deny mortgagor's authority to sell, depends on intent of parties and is fact to be determined. Lower court found there was no waiver of mortgage or consent to sale, such as would release mortgage. Knollin v. Jones, 63 P. 638; Jones, Chattel Mortgages, par. 457.

To claim recordation in county where goods were bought is not notice to person who happened to reside in another county is height of absurdity, to hold which would make act useless piece of legislation. Domicile of purchaser is immaterial. Act places personal property mortgage on same footing as real property mortgage. Stats. 1923, p. 153.

Separate mortgage was placed on each car, not single mortgage on whole stock of goods usually referred to in cases that hold mortgage on "shifting stock in trade" is void per se. In Hardin v. Bank, 205 P. 382, the court refused to follow Boice v. Finance & G. Co., 102 SE. 591, and held that chattel mortgage, covering one particular automobile in stock of dealer without permission to sell, is not mortgage on shifting stock within rule that purchaser acquires title free from mortgage. Boice case, relied on by appellants, construes so-called traders' act of Virginia, but our act declares recordation gives notice. Sec. 5. Valid recorded chattel mortgage creates lien prior to any subsequent lien created by any contract to which mortgagee is not party or to which he does not

give actual or implied consent. Hawkes v. Bank, 224 P. 224.

Stuart and Duncan Company were in court and cannot complain of lack of formal notice. Other parties have not yet appealed.

Mortgagee has right to possession on breach of condition, and may sue to recover from any person holding possession. Lacey v. Giboney, 36 Mo. 320, Wiekes v. Ry. Co., 67 SE. 292. Appointment of receiver is discretionary. Ft. Wayne Co. v. Ft. Payne Co., 11 So. 439.

## OPINION

By the Court, SANDERS, C. J.:

These appeals are taken from an order appointing a receiver pendente lite, which order directed the receiver to take possession of four particularly described Nash automobiles, each covered by a chattel mortgage which the mortgagee seeks by this action to have foreclosed. The matter of the appointment of the receiver came before the trial court upon the hearing of an order to show cause why such receiver should not be appointed.

1. The respondent, plaintiff below, has moved the dismissal of the appeals, particularly the appeal of the intervener, because of lack of interest of appellants in the subject matter of the appeals. The motion to dismiss is denied. While the appeals are presented and argued before us as if there had been a trial, findings, and decree in favor of the plaintiff, as we understand the record the only question presented by the appeals is whether the trial judge was justified in appointing a receiver.

We shall consider this question first in connection with the appeal of Charles G. Stuart, the intervener. These are the facts:

For some time prior to the dates herein mentioned the Duncan Automobile Company was a licensed dealer in automobiles, and was engaged in business at 130 Sierra Street, Reno, Nevada, where it conducted an automobile business and had a salesroom and showroom, where it

displayed new and secondhand automobiles for sale, and during this time it was agent for Nash automobiles in Reno. Prior to the dates herein mentioned the Duncan Company, on different dates, ordered the four automobiles in controversy from the Nash Company, which the company shipped, and drew a sight draft on the Duncan Company for the purchase price of each automobile with bill of lading attached. Upon the arrival of each automobile, the Duncan Company obtained a loan from one Eli L. Martin for the purchase price of the automobile and paid the draft and obtained the bill of lading. In order to secure the loan, the Duncan Company executed its note and a chattel mortgage on each automobile. Each mortgage was duly recorded.

Upon the Duncan Company securing possession of the automobiles in controversy, the automobiles were placed in the showroom of the Duncan Company, as aforesaid, for the purpose of attracting purchasers and being sold. On August 24, 1925, Charles G. Stuart, the claimant in intervention in this case, bought from the defendant, the Duncan Automobile Company, one new Nash advanced six four-door coupe, motor No. 218,761, and immediately took possession of said automobile. At the time Charles G. Stuart bought said automobile he did not know, nor did he have actual knowledge of the mortgage of Eli L. Martin on said automobile, dated August 6, 1925, and given as security for the payment of $2,657 on or before the 5th day of September, 1925, with interest at 8 per cent, according to the terms of the Duncan Company's promissory note.

Upon the hearing of the order to show cause why a receiver should not be appointed to take possession of the mortgaged property, one D. P. Piggott, a witness for the plaintiff, testified in detail as to the course of dealing between said mortgagor and mortgagee with respect to loans and sale of the mortgaged automobiles. It appears from his testimony that prior to the execution of the present mortgages Eli L. Martin had on several occasions loaned to the Duncan Company money on automobiles, in the same manner that the loans were made

on the automobiles in question, and all of the automobiles so mortgaged were placed in the showroom of the Duncan Company for the purpose of exhibition and sale, in the same manner as the automobiles in question. The course of dealing between the parties, as testified to by said witness, shows a general authority given by the mortgagee to the mortgagor to sell the automobiles in due course of trade and to apply the proceeds of each sale to the indebtedness due to the mortgagee and extinguish the mortgage. In the present case the automobiles were sold, and none of the proceeds from the sale of said automobiles was paid over to the mortgagee.

The proof shows that the sale of the automobile to Charles G. Stuart was made by W. H. Duncan, president of the Duncan Company. W. H. Duncan was called as a witness upon the hearing of the show cause order, and testified that at the time of the execution of the several mortgages and prior thereto Eli L. Martin had loaned the Duncan Company money on other automobiles, and that he was during all that time actively engaged as a salesman on commission in the employ of the Duncan Company. He also testified that the Duncan Company frequently sold automobiles on which Martin had mortgages, and that Martin was present when sales of automobiles covered by his mortgages were made. Martin was fully advised of and familiar with the course of dealing between the Duncan Company and purchasers of automobiles. He had access to the books of the company, in which entries of sales were made and the proceeds credited to each of his mortgages.

The intervener, as a witness in his own behalf, testified upon the hearing of the order to show cause that for some time prior to the purchase by him of the automobile in question he had known Eli L. Martin as a salesman in the employ of the Duncan Company, and that on the date he purchased the automobile Martin was seen by him in and about the place of business of the Duncan Company, and that Martin knew of the sale, and in a conversation with him subsequent to the sale Martin stated that the automobile so purchased by him

was the only one of that particular model in Reno. He further testified that Martin did not inform him of the existence of his mortgage on the automobile, dated August 6, 1925, until a few days before this action in foreclosure was begun, to wit, on November 28, 1925.

We observe that Eli L. Martin did not testify as a witness upon the hearing of the order to show cause and stood upon the denials contained in his two affidavits filed in the case. As we understand the record, the sole question presented for decision is: Who has the superior claim to the automobile sold to the intervener—Eli L. Martin, who advanced the money on the chattel mortgage, which was duly recorded, or the intervener, who was a bona fide purchaser of the automobile from the Duncan Company, without actual notice of the existence of the mortgage?

2, 3. It is well settled that, where the mortgagee expressly or impliedly consents to a sale of the mortgaged property by the mortgagor, he waives his lien, and the purchaser takes the title free from it, whether or not he knew of the existence of the mortgage, and notwithstanding his want of knowledge when he makes his purchase that such consent has been given. 11 C. J. 624. It is held that want of knowledge on the part of the mortgagee that a sale has been made is immaterial, if he gave the mortgagor general authority to sell the mortgaged property. Pratt v. Maynard, 116 Mass. 388; Luther v. Lee, 62 Mont. 174, 204 P. 365. The question of consent being one of fact, counsel for the intervener proceed upon the theory that the evidence shows general authority and consent given by the mortgagee to the mortgagor to sell the automobile in controversy.

4, 5. We are of the opinion that any conditions placed on such authority or consent were without force, unless the purchaser (intervener) had notice of them, which he had not in this instance. Sowards v. Jones, 75 Colo. 25, 223 P. 747. It is argued, however, on behalf of the mortgagee, that in an action to foreclose a chattel mortgage on an automobile given by an automobile dealer, evidence that the dealer was permitted to exhibit for

sale the mortgaged automobile, and others covered by similar mortgages, but not showing knowledge by the mortgagee that sales were made and the cars delivered without payment of the mortgages on them, is insufficient in law to sustain a ruling that the mortgagee permitted the mortgagor to sell the automobile, so as to be estopped from claiming it against an innocent purchaser for value. Hardin v. State Bank of Seattle, 119 Wash. 169, 205 P. 382. The difficulty with this proposition in connection with the evidence in this case is that there is not only proof of permission to exhibit for sale the mortgaged automobile, but also ample evidence to show knowledge by the mortgagee that the sale of the automobile to the intervener was made and the automobile delivered without payment of the mortgage thereon, and also evidence to show that the mortgagee impliedly consented to the sale of the mortgaged automobile. We therefore conclude that the trial judge was not justified in appointing a receiver to take possession of the automobile sold by the mortgagor to the intervener, Charles G. Stuart.

6, 7. The appeal of the Duncan Automobile Company from the order appointing a receiver is without merit. It is contended on behalf of said appellant that a duly recorded chattel mortgage on an automobile forming part of the stock of a retail dealer in such machines, to secure repayment of money lent to enable him to secure the machine for sale, is void as against a bona fide purchaser without notice. Boice v. Finance & G. Corp., 127 Va. 563, 102 SE. 591, 10 A. L. R. 654; National City Bank v. Adams, 30 Ga. App. 219, 117 SE. 285. Undoubtedly the mortgages in controversy are good as between the parties. This being so, the mortgagor is in no position to claim that the mortgages are void as against bona fide purchasers for value and without notice. Furthermore, the Duncan Automobile Company does not challenge the validity of the mortgages, but protests the right of foreclosure solely upon the ground that it had general authority from the mortgagee to sell the mortgaged automobiles and pass title thereto.

Without expressing or intimating any opinion on the merits of the case, it is our order that so much of the order appealed from by the intervener as directs the receiver to take possession of the particularly described automobile claimed by the intervener is reversed, and the case remanded for such further proceedings as the parties may be advised.

### ON PETITION FOR REHEARING

May 4, 1927.

*Per Curiam:*

Rehearing denied.