# MARTIN *v.* DUNCAN AUTOMOBILE CO.
## (STUART ET AL., INTERVENERS)
### No. 2921

February 27, 1931.                    296 P. 24.

*LeRoy F. Pike* and *Cooke & Stoddard,* for Appellants:

*William M. Kearney* and *Melvin E. Jepson,* for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

This suit was instituted by Eli L. Martin, as plaintiff, against Duncan Automobile Company, as defendant, to foreclose chattel mortgages upon four automobiles. In due time Charles G. Stuart intervened, alleging that he had purchased the car in controversy upon this appeal, from the defendant, who was the regular agent at Reno, Nevada, for the make of car in question, and paid in cash $1,000, the balance payable in monthly installments. Later the L. F. Weaver Comany also intervened.

Pending the hearing of the case upon its merits, an application for the appointment of a receiver to take possession of the cars was made, and upon the conclusion thereof the court appointed such receiver, from which order an appeal was taken to this court. Martin v. Duncan Automobile Co., 50 Nev. 91, 252 P. 322.

Thereafter the case came on for trial upon the merits—upon the question of the foreclosure of the chattel mortgages—and it is from the judgment rendered ordering a foreclosure and the order denying a motion for a new trial that this appeal is taken.

Only two questions are now urged. One is as to the correctness of the ruling of the court in rejecting the testimony of intervener Stuart which was given upon the hearing of the application for the appointment of a receiver.

Section 5472, Rev. Laws, section 9019, N. C. L., reads:

"Whenever in any court of record the testimony of any witness in any case shall be stenographically reported by an official court stenographer, and thereafter said witness shall die, or be beyond the jurisdiction of the court in which the cause is pending, either party to the record may read in evidence the testimony of said witness, when duly certified by the stenographer, to be correct, in any subsequent trial of, or proceeding had, in the same cause, subject only to the same objection that might be made if said witness were upon the stand and testifying in open court."

It will be seen that testimony taken in any case and stenographically reported, when duly certified by the stenographer to be correct, may be introduced in evidence in any subsequent trial, or proceeding, in the same cause, upon the existence of one of two conditions, viz: (1) That the witness who gave the testimony is dead, or (2) is beyond the jurisdiction of the court in which the cause is pending.

It was shown upon the trial that Stuart and his wife were in Arizona at the time of the trial. The parties who are interested in this proceeding participated in the former one.

Counsel for the plaintiff contends that this case is controlled by the opinion in Gerhauser v. North British & Merc. Ins. Co., 7 Nev. 174–188, wherein it was held that the rule applicable to the testimony of a dead witness did not apply to one who is beyond the jurisdiction of the court.

██ The section which we have quoted was enacted subsequent to the decision of the case mentioned, and it must be presumed that it was enacted to meet the situation which was presented in that case and the ruling of the court therein. The statute quoted should be construed in accordance with the views expressed in Escalle v. Mark, 43 Nev. 172, 183 P. 387, 5 A. L. R. 1512, to the effect that it was the purpose of the legislature to remedy the objection theretofore existing. This was clearly the purpose of the section in question. It is broad in its scope and should be liberally construed to effectuate its purpose.

The learned trial judge, in passing upon the objection, said:

"The evidence would be sufficient to show that they (two witnesses) are without the jurisdiction of the court, but unless we take the telegrams of the parties the evidence would not be sufficient to show that their absence from the jurisdiction is permanent."

■ The court having found that the evidence showed that the witnesses were without the jurisdiction of the court, which is amply supported by the evidence, nothing more was necessary to entitle the defendant to have the evidence admitted. The condition of the statute is not that such witnesses be permanently beyond the jurisdiction.

■ The section provides that such evidence may be admitted in any subsequent trial or proceeding. The word "proceeding" is comprehensive. It is comprehensive when used alone, but when it follows the word "trial" as in the section quoted, it is clear it was intended to include practically every inquiry which might invoke the attention of the court.

This court quotes approvingly in Sherman v. Southern Pac. Co., 31 Nev. 285, 102 P. 257, 258, as follows:

"In Irwin v. Bank of Bellefontaine, 6 Ohio St. 86, it is said: 'The word (proceeding) is generally applicable to any step taken by a suitor to obtain the interposition or action of a court.' In Wilson v. Allen, 3 How. Prac. (N. Y.) 371, the court said: 'The term "proceeding" is

generally applicable to any step taken by a party in the progress of a civil action. Anything done from the commencement to the termination is a proceeding.' Stonesifer v. Kilburn, 94 Cal. 42, 29 P. 335."

■ We think the testimony should have been admitted for what it is worth.

■ We come now to a consideration of the ruling of the court in admitting the testimony of a layman as to the value of legal services, over the objection of counsel for the defendant. The court erred in admitting the testimony in question.

"The opinion of one who is not an attorney is incompetent to prove the value of any attorney's services." Rogers Expert Testimony, pp. 380, 381. See, also, 6 C. J. 763 and note; Hart v. Vidal, 6 Cal. 56; Howell v. Smith, 108 Mich. 350, 66 N. W. 218; Fry v. Estes, 52 Mo. App. 1; Central, etc. Ry. Co. v. Goelzer, 92 Ark. 569, 123 S. W. 781; Chamberlayne on Ev., sec. 2163; 2 Jones Com. on Ev., sec. 287, p. 960; 2 Ency. of Ev. p. 169; Mock v. Kelly, 3 Ala. 387.

Judgment and order reversed.